Philip D. Dracht, SBN 219044
Scott M. Petersen (Admitted *Pro Hac Vice*)
Jason W. Hardin (Admitted *Pro Hac Vice*)
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, UT 84151-0210
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
pdracht@fabianlaw.com
spetersen@fabianlaw.com
jhardin@fabianlaw.com

(additional counsel listed on signature page)

*Attorneys for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK, a California citizen, on behalf of himself and all others similarly situated, and on behalf of the general public, | Case No.: 2:13-cv-02488-BRO-RZ |
| | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| PLAINTIFF, | |
| vs. | |
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation, HERBALIFE INTERNATIONAL, INC., a Nevada Corporation, HERBALIFE, LTD a Cayman Island Corporation, | Date:            December 9, 2013 |
| | Time:            1:30 p.m. |
| | Courtroom:     14 |
| DEFENDANTS. | |

Plaintiff Dana Bostick and Defendants Herbalife International of America, Inc., Herbalife International, Inc., and Herbalife, LTD, respectfully submit this Joint Case Management Conference Statement under Local Rules 6-2 and 16-9 the Court's Order Setting Scheduling Conference. On November 1, 2013, pursuant to Federal Rule of Civil Procedure 26(f), the Local Rule 26-1, and the Scheduling Order of this Court the parties, through their respective counsel of record, participated in a telephonic meeting of counsel and discussed the issues in Federal Rules of Civil Procedure 16(b) and 26(f) and continued to discuss these issues up through the date of filing of this Joint Case Management Statement. This Joint Case Management Statement reflects the matters on which they agree and expresses their respective views on the issues on which they disagree.

## A.    STATEMENT OF THE CASE

### Plaintiff's Statement

As alleged in Plaintiffs' operative complaint, Herbalife International of America, Inc., Herbalife International, Inc., and Herbalife, LTD (collectively "Herbalife") are operating and promoting an inherently fraudulent pyramid scheme, in violation of California Penal Code section 327 and Civil Code 1689.2, Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.* This complaint is brought on behalf of the Plaintiff individually and for a nationwide class of current and former Herbalife distributors.

Plaintiff alleges that unbeknownst to distributors when they signed up and purchased Herbalife products, that Defendants failed to disclose that Herbalife was operating an endless chain; that, contrary to written representations, there is little to no opportunity to earn the kind of retail profits promised by Herbalife; that, contrary to written representations, there is little to no opportunity to earn the kind of recruiting rewards promised by Herbalife; that much of the money spent by distributors on product was, in fact, being paid upline as rewards for recruiting; that Herbalife's Statements of Average Gross Compensation distributed from 2009

JOINT RULE 26(F) REPORT

through at least February 2013 were fraudulent, deceptive, and misleading, and that Herbalife was charging distributors bogus Shipping and Packaging and Handling fees that far exceeded Herbalife's costs and were hidden profit generators for Herbalife.

**Defendant's Statement**

The gravamen of the Complaint is that because Plaintiff has been unable to exploit Herbalife's legitimate multi-level marketing program—the risks and potential rewards of which were fully disclosed to him—it must be an illegal "endless chain" or "pyramid scheme" under California Penal Code Section 327. Plaintiff claims he was the victim of a business that required him to buy nothing, offered him a discount on products he chose to purchase, allowed him to return products for a full refund, and made it clear to him that only a small percentage of individuals similarly situated could expect to generate significant income as a result of their relationship with Herbalife. Plaintiff purports to bring his claims as a class action on behalf of himself and a class of Herbalife distributors.

Herbalife bears none of the characteristics of pyramid schemes, which by definition are financed through the losses of their participants, typically incurred through mandatory purchases of an illusory product, or one for which there is no marginal cost in duplication (*e.g.*, websites, software, training courses). Herbalife, in contrast, produces a line of high quality nutritional products, which its distributors are never required to purchase and can sell without accumulating any inventory. Through its well-established direct sales model, Herbalife's nutritional products are sold to millions of non-distributor customers, in addition to the many distributors who join primarily to obtain a discount on the products use and consume on a daily basis. Most importantly—and fatally to plaintiff's pyramid scheme allegations—Herbalife permits a distributor dissatisfied with the Herbalife business opportunity to return his or her inventory and fully recoup his investment. A pyramid scheme is financed through its participants' losses, yet Mr. Bostick's

"losses" were self-inflicted by giving away his inventory rather than returning it.

## B. **JURISDICTION AND SERVICE**

**Plaintiff's Position**: The Court has jurisdiction under 28 U.S.C. § 1332(d). All known parties have been served.

**Defendants' Position**: The Court has held that it has subject matter jurisdiction under 28 U.S.C. § 1332(d). All Defendants have been served.

## C. **LEGAL ISSUES**

**Plaintiff's Position:** The Complaint asserts the following questions of law: (i) whether Defendant's conduct violates California's Penal Code Section 327, California Business and Professions Code §17200, et seq.; and §17500 et seq. (ii) whether there is a safe harbor for plans that violate section 327 but that have procedures in place to ostensibly prevent inventory loading; (iii) whether Plaintiff and class members are entitled to restitution under Civil Code section 1689.2 (iv) whether Plaintiff and class members are entitled to damages, restitution and disgorgement, injunctive relief, and attorneys' fees and costs; and (iv) whether a class can be certified under Rule 23.

**Defendants' Position:** The Complaint asserts the following questions of law: (i) whether Defendant's conduct violates California's Penal Code Section 327, California Business and Professions Code §17200, et seq.; and §17500 et seq.; (ii) whether Plaintiff and class members are entitled to rescission under Civil Code section 1689.2 (iii) whether Plaintiff and class members are entitled to restitution, injunctive relief, and/or attorneys' fees and costs; (iv) whether Plaintiff's claims are barred in whole or in part by one or more of Defendants' affirmative defenses; and (v) whether a class can be certified under Rule 23.

D.   **PARTIES AND EVIDENCE**

**Plaintiff's Position**:

1.  Percipient Witnesses: Dana Bostick, Eugene Randolph, other Herbalife distributors in Dana Bostick's downline and upline, representatives of EHome, Inc., representatives of Online Business System, representatives of Herbalife International of America, Inc., Herbalife International, Inc. and Herbalife, LTD.

2.  Key Documents: The Statements of Average Gross Compensation for U.S. Supervisors and Distributors 2008-2012,  information used to create those Statements of Average Gross Compensation, and internal communications regarding those statements; the Sales & Marketing Plan and Business Rules used from 2009-present; distributor agreements used from 2009-present; the International Business Packs distributed from 2009 –present; marketing documents distributed to Herbalife distributors from 2009—present; reports generated from Herbalife's databases regarding distributor information and purchases; and Defendant's internal documents and financial statements showing revenue and expenses associated with shipping, handling, packaging, and marketing.

**Defendants' Position**:

1.  Defendants:  The Defendants in this case include:  Herbalife International of America, Inc., Herbalife International, Inc. and Herbalife Ltd.  The parent corporation of Herbalife International of America, Inc. is Herbalife International, Inc., which owns 10% or more of Herbalife International of America, Inc.'s stock. The parent corporation of Herbalife International, Inc. is Herbalife Ltd., which owns 10% or more of Herbalife International, Inc.'s stock. Herbalife, Ltd. is a publicly held company organized under the laws of the Cayman Islands.  No publicly held company owns more than 10% or more of Herbalife Ltd.'s stock.

2. Percipient Witnesses:  The percipient witnesses are likely to include representatives of Defendants; representatives of third parties providing services to the Company; Plaintiff Dana Bostick; Roger Lokey; Eugene Rudolph; John P. Murphy, and other Herbalife Distributors.

3. Key Documents:  The key documents are likely to include Plaintiff's Agreement of Distributorship; Plaintiff's IBP materials;; documentation concerning any of the "*Amway*" safeguards; Defendants' Consent Decree with the California Attorney General; Plaintiff's websites and Internet postings; Herbalife's sales and marketing plan; Herbalife's rules and policies; Herbalife's distributor earnings disclosures; Herbalife's publications (print and online); Plaintiff's communications with others concerning Herbalife; and Plaintiff's financial records relating to his Herbalife distributorship.

## E.   <u>RELIEF SOUGHT</u>

**Plaintiff's Statement**

Plaintiff seeks legal and equitable relief, including injunctive relief, rescission, damages, restitution and disgorgement, attorneys' fees and costs. Because this is a putative class action, Plaintiff cannot calculate the realistic range of provable damages without access to financial data held by Defendants.

### 1. Injunctive Relief

Plaintiff seeks a judicial order of an equitable nature against all Defendants, including, but not limited to, an order declaring such practices as complained of to be unlawful, unfair, fraudulent and/or deceptive, and enjoining them from undertaking any further unfair, unlawful, fraudulent and/or deceptive acts or omissions related to operating the illegal pyramid scheme.

### 2. Rescission

Rescission is an equitable principle that grants the court broad discretion to

craft a monetary remedy to bring the parties back to "their former positions *as far as possible*. . . despite the fact that the status quo cannot be exactly reproduced." *Runyan v. Pac. Air Indus., Inc.*, 85 Cal. Rptr. 138, 147 (Cal. 1970) (quotations and citations omitted). In light of the equitable nature of rescission, Plaintiff will be requesting that the Court award any or all of the following remedies:

    a. Specific rescission of the IBP purchased by Plaintiff and all distributors. Where Plaintiff and putative class members still have product and promotional materials to return, Plaintiff will be seeking rescission of that purchase and return of the purchase price less any Wholesale Profits, Royalty Overrides, and other Bonuses received by Plaintiff and putative class members.

    b. Economic rescission of Plaintiff's and putative class members' purchases, services, and sales aids such that all parties are placed in financial positions as if no contracts were ever entered.

### 3. Restitution

Under California Business and Professions Code Sections 17200 *et seq.* and 17500 *et seq.,* the Court has broad discretion to award a remedy. At this point in the litigation, Plaintiff anticipates requesting that the Court award any or part of the following available remedies:

    a. Full refund of all payments to Herbalife by Plaintiff and putative class members for Herbalife products, packaging, handling, and shipping (where applicable), services and sales aids less any Wholesale Profits, Royalty Overrides, and other Bonuses received by Plaintiff and putative class members.

    b. A disgorgement of Herbalife's profits whereby Herbalife refunds all payments from Plaintiff and putative class members to Herbalife less the "value" of products purchased, with the "value" calculated as the cost of production, packaging and handling, and shipping (as applicable), less

any Wholesale Profits, Royalty Overrides, and other Bonuses received by Plaintiff and putative class members.

c.  A refund of all payments that Herbalife made upline in the form of "Wholesale Profits" and "Royalty Overrides, Bonuses, and other Incentives," as described in the Complaint to the purchasing distributor. Plaintiff will be seeking, for himself and for the class, restitution of the unlawful recruiting rewards that Herbalife paid upline on the purchase of products. One possible formula to calculate this amount is :

|   | |
|---|---|
|   | Amount paid by distributor for product |
| - | Amount retained by Herbalife after paying Wholesale Profits, Royalty Overrides, and other Bonuses on that purchase] |
| - | any Wholesale Profits, Royalty Overrides, and other Bonuses received by distributor |
| + | Shipping and Packaging and Handling Fees |
| - | <u>Shipping and Packaging and Handling Costs.</u> |
| = | Restitution |

As for Plaintiffs' individual damages Plaintiff has been damaged at least $2736.13 based on purchases of Herbalife.  However, Plaintiff is not in possession of all of his invoices; Plaintiff will supplement his individual damage claim upon receipt of his invoices.  Plaintiff has also been damaged in the amount of at least $602.09 arising out of his purchases of tools and coaching and websites associated with his Herbalife business and at least $94.30 arising out of his purchases of supplies, shipping, and other expenses.

**Defendants' Statement**

Defendants dispute the entirety of Plaintiff's claims for equitable and legal relief.  Additionally, Defendants dispute each of Plaintiffs' claims for relief on the following grounds, and further grounds to be developed as the litigation progresses.

**1. Injunctive Relief**

Plaintiff is no longer a distributor and therefore no longer faces any allegedly irreparable harm sufficient to satisfy the standing requirements to pursue injunctive relief. *See Rhynes v. Stryker Corp.*, 2011 WL 2149095 (N.D. Cal. May 31, 2011) (finding plaintiff not entitled to seek injunctive relief on behalf of the public because she was not individually entitled to such relief) (citing *Hodgers–Durgin v. De La Vina,* 199 F.3d 1037, 1045 (9th Cir. 1999)): "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."). Furthermore, Plaintiff is not entitled to the conclusory injunctive relief he seeks, as Plaintiff fails to specify the actual relief he seeks. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 970-71 (S.D. Cal. 2012) (plaintiffs must specify the injunctive relief they seek).

### 2. Rescission

The Court has already held that the sole remedy under California Civil Code Section 1689.2 is rescission, and that Plaintiff is limited to rescission of the IBP he alleges he purchased and can still return. Plaintiff's claim for "economic rescission" appears to be an attempt to circumvent the Court's prior ruling limiting Plaintiff's remedy to rescission and rejecting any claim for damages. *See* Ord. at 11. Accordingly, to the extent that Plaintiff seeks damages for those items that Plaintiff and putative class members cannot restore to Herbalife, such relief is impermissible. *See Herbalife v. Ford*, 2:07-cv-02529-GAF-FMO, Ord. at 9 (May 5, 2010) ("Allowing these defendants to proceed with their rescission claims is an empty and inappropriate exercise when they admit they cannot, in any event, 'restore to [Herbalife] everything of value which [they have] received from [Herbalife] under the contract.'") (citing Cal. Civ. Code § 1691(b)).

### 3. Restitution

Defendants assert that Plaintiff is not be entitled to the restitution he seeks under California Business and Professions Code Section 17200 *et seq.* and 17500

*et seq.*  As an initial matter, with respect to Plaintiff's formula for restitution, Plaintiff is not entitled to disgorgement as a matter of law.  *See Colgan v. Leatherman Tool Group, Inc.*, Court of Appeal, 135 Cal. App. 4th 663, 696-97 (Ca. Ct. App. 2006); *Feitelberg v. Credit Suisse First Boston, LLC,* 134 Cal. App. 4th 997, 1016, 36 Cal. Rptr. 3d 592, 605 (2005) ("There is neither explicit nor implicit legislative authorization for allowing nonrestitutionary disgorgement."). Furthermore, Defendants contest Plaintiff's formula for restitution seeking restitution for *all* items purchased from Herbalife, including those items that Plaintiff consumed, sold, gave away, or otherwise derived value.  Restitution requires that an injured party be "restored" of anything "taken away or lost" and must be a "measurable amount . . . supported by evidence." *See Colgan*, 135 Cal. App. 4th at 698.

Finally, Plaintiff is not entitled to a refund of payments that Herbalife pays to upline distributors.  Compensation to such upline distributors was for valuable consideration received in the form of their services; moreover, such payments are not in the possession of Herbalife.   California courts have made clear that where a court is "unable to infer that Defendants *acquired* any portion of that money" that plaintiffs seek, plaintiffs' requested relief is "too attenuated" to support a restitution order.  *See Profant v. Have Trunk Will Travel*, 2011 WL 6034370, at *5 (C.D. Cal. Nov. 29, 2011) (emphasis added); *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336, 246 P.3d 877, 895 (2011) (restitution orders "require[] both that money or property have been lost by a plaintiff, on the one hand, and that it have been *acquired* by a defendant, on the other") (emphasis added).

**F.   INSURANCE**

**G.   MOTIONS**
   **A.   Prior Motions**

Defendants moved to dismiss, which the Court denied [Docket No. 40].

**B.      Pending Motions**

There are no pending Motions.

**C.      Anticipated Motions**

Plaintiff anticipates he will move for class certification of his claims, under Fed. R. Civ. P. 23, and summary judgment/adjudication. Defendants anticipate filing an opposition to Plaintiff's motion for class certification, motions for summary judgment on the claims made against Herbalife International, Inc., (a non-operating holding company) and Herbalife LTD (a holding company), and a motion for summary judgment on the plaintiff's claims against Herbalife International of America, Inc.

**H.      MANUAL FOR COMPLEX LITIGATION**

Where all or part of the procedures of the Manual for Complex Litigation will assist the Court and the Parties in expediting and streamlining this case, the Parties agree that the Court should use those procedures.  In particular, Defendants assert that, consistent with Section 21.11 of the Manual for Complex Litigation (Fourth), the parties and court should initially determine the scope of discovery necessary to decide certification as opposed to the merits, and, as suggested by Sections 21.14 and 21.141 bifurcate class and merits discovery.

Defendants request that the Court, as described in Section 11.644 of the Manual, limit the time allotted to each side for the presentation of evidence and argument at trial, and, as described in Section 12.34, provide the parties with a specified time for use as interim argument during the course of the trial.

**I.      DISCOVERY: STATUS**

Plaintiff intends to serve requests for production, interrogatories, requests for admission, and to take deposition(s) of Defendant under Federal Rule of Civil

Procedure 30(b)(6), and depositions of individual employees, officers, and/or directors.

Defendant Herbalife International of America anticipates promptly serving Requests for Production and Interrogatories on Plaintiff and is discussing a mutually agreeable date for the Plaintiff's deposition.

## J.     DISCOVERY PLAN

**Plaintiff's Position**:        Through written discovery requests and depositions, Plaintiff will be seeking discovery related to Defendants' marketing documents; rules governing distributors; agreements governing distributors; Defendants' Statements of Average Gross Compensation and internal documents regarding those statements; the consistency and scope of representations made to distributors; internal policies and procedures regarding recruiting; retail sales requirements; enforcement of retail sales requirements; qualification within the Herbalife hierarchy; retention and attrition of distributors; packaging, handling, and shipping costs and revenues; Defendants' retention of documents; the manner and method of defendants record keeping for sales and purchases of the products at issue in this litigation.

Although Plaintiff intends to focus its preliminary discovery efforts on addressing issues that Plaintiff needs for his Motion for Class Certification, Plaintiff opposes any formal bifurcation of class or merits discovery because the discovery here is inextricably intertwined between class issues and merits issues. In *Dukes v. Wal-Mart*, __U.S. __, 131 S.Ct. 2541, 51-52, 180 L.Ed.2d 374 (2011), the Supreme Court addressed the certification requirement of Fed. R. Civ. P. 23(c)(1)(A) and affirmed the certification determination "will entail some overlap with the merits of the plaintiff's underlying claim." The necessary implication is that certain merits discovery will be required. Where, as here, fraud and other representation-based claims are woven throughout the case, the overlap of the

merits to the certification question appears so substantial that any efficiency gains from bifurcation appear to be minimal. Drawing a line between class discovery and merits discovery provides little benefit but will invite further disagreements among the parties. See also Manual for Complex Litigation (Fourth) § 21.14 (2006) ("arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.").

Because Plaintiff proposes a narrow window for conducting discovery prior to moving for class certification, the parties will be forced by necessity to focus most of their attention on the discovery required for class certification. Any arbitrary distinction between "merits" and "class" discovery will only cloud the issues to be discovered, invite discord between the parties, and require additional Court assistance mediating discovery disputes – threatening to delay the currently proposed schedule.

Plaintiff also requests he be permitted two Rule 30(b)(6) depositions of each of the Defendants, one before certification and one after certification, and an additional 25 interrogatories under Rule 33 after the decision on class certification.

**Defendants' Position**:

Through written discovery request and depositions, Defendants will be seeking discovery of, including but not limited to, Plaintiff's Herbalife distributorship, including information regarding Plaintiff's efforts to sell Herbalife products or recruit Herbalife distributors; any multi-level marketing programs or other business opportunities as an independent contractor that Plaintiff has pursued; online activity in connection with Plaintiff's business opportunities; Plaintiff's employment and educational history; Plaintiff's financial records during the Relevant Period; any other legal actions involving Plaintiff; Plaintiff's hardware and electronic storage mechanisms; and any non-privileged communications between Plaintiff or his counsel and  Pershing Square Capital or

1  William Ackman.

2      Defendants request that an order be entered bifurcating discovery into two

3  phases: (I) on class certification issues, and (II) on merits issues.  For phase (I),

4  Defendants anticipate that only a narrow range of discovery will be necessary –

5  namely, discovery into whether Plaintiff is a suitable class representative under

6  Rule 23 standards, and/or whether the class plaintiff seeks to certify creates a

7  superior method of litigating his claims.  *See* Fed. R. Civ. Proc. 23. If Plaintiff is

8  not approved as a class representative, or if he is otherwise unable to satisfy Rule

9  23 requirements for certification of a class action, this case is unlikely to continue

10 to the merits stage.   Permitting merits-only discovery at the class certification

11 stage would require burdensome and unnecessary discovery.  *See Wal–Mart*

12 *Stores, Inc. v. Dukes,* 564 U.S. ——, ——, n. 6, 131 S.Ct. 2541, 2552, n.6 (2011)

13 (a district court has no "'authority to conduct a preliminary inquiry into the merits

14 of a suit'" at class certification unless it is necessary "to determine the propriety of

15 certification" (quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct.

16 2140, 40 L.Ed.2d 732 (1974))); MANUAL FOR COMPLEX LITIGATION (Fourth

17 Edition), § 21.14 ("[I]n cases that are unlikely to continue if not certified,

18 discovery into aspects of the merits unrelated to certification delays the

19 certification decision and can create extraordinary and unnecessary expense and

20 burden.")

21

22 **K.    DISCOVERY CUTOFF**

23      The parties propose that discovery cutoff be 11 weeks before trial.

24

25 **L.    EXPERT DISCOVERY**

26      The parties expect to conduct expert witness discovery and have proposed

27 dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-

28 off in the attached Exhibit A.

**M.    DISPOSITIVE MOTIONS**

     **Plaintiff's Position**: Whether Defendant's sales and marketing plan violates Section 327 of the California Penal Code and is therefore, unlawful, may be determined by a motion for summary judgment.

     **Defendants' Position**:  Whether Plaintiff's claim(s) against Defendants are viable and present genuine issues of fact may be determined by a motion for summary judgment.

**N.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:**

     The Parties have met and conferred regarding ADR under Civil L.R. 16-8 and ADR L.R. 3-5 and the Parties have agreed, at the appropriate time, to participate in a private mediation.

**O.    TRIAL ESTIMATE**:

     The parties estimate they will require 10 days for trial. Plaintiff has demanded a trial by jury.

     **Plaintiff's Position:** Plaintiff anticipates calling Dana Bostick, other participants in the Herbalife distribution network, corporate employees and officers of Defendants, and expert witnesses. Although this is a relatively straightforward case, the complexity of Defendant's marketing plan and the nuances within that plan will require additional time before a jury.

     **Defendants' Position:** Defendant anticipates presenting a variety of party and non party witnesses, including expert witnesses who will rebut plaintiff's claims and demonstrate the legality of Herbalife's business model and business operations.

**P.    TRIAL COUNSEL:**

**Plaintiff:** Philip D. Dracht, Jason W. Hardin, Scott M. Petersen, Thomas G. Foley, Robert A. Curtis, Justin P. Karczag

**Defendants:** Jonathan D. Schiller, William S. Ohlemeyer, Jonathan Sherman, and David Zifkin.

**Q.   INDEPENDENT EXPERT OR MASTER:**

At this point the parties do not see this case as being one where the appointment of an independent expert or master is necessary.

**R.   TIMETABLE:**

Exhibit A is attached to this Joint Report.

**S.   OTHER ISSUES:**

1. **Protective Order**: The parties are meeting and conferring about a proposed protective order that would govern the designation and handling of confidential materials produced during discovery in this case. In accordance with the Court's standing order, the parties will file any such proposed protective orders with the magistrate assigned to this case.

2. **Electronic Discovery**: The parties have agreed to meet and confer about a protocol for discovery of electronically stored information. In accordance with the Court's standing order, the parties will file any proposed orders concerning the discovery of electronically stored information with the magistrate assigned to this case.

3. **Email Service:** The parties agree to serve all papers on the opposing party by e-mail to all counsel and identified assistants. To calculate the deadline to respond, email service will be treated the same as hand-delivery.

4. **Bifurcation of Discovery:** The parties disagree over whether discovery

should be bifurcated so that discovery concerning class certification precedes discovery concerning the merits. The parties' respective positions are set forth in Section J above.

5. **Discovery Disputes:** The parties agree to attempt to resolve discovery disputes with a phone call between counsel before utilizing the procedure provided for in L.R. 37-1 and 37-2.

6. **Deposition Procedure:** The parties agree to take depositions by agreement, with no unilateral deposition notices.

7. **Court Reporter/Videographer:** The parties agree to share the same court reporter and videographer services and will cooperate to obtain competitive bids from multiple court reporting firms.

8. **Deposition Exhibits:** The parties agree to number exhibits sequentially X-1, X-2, etc., regardless of the identity of the deponent or the side introducing the exhibit and the same numbers will be used in pretrial motions and at trial.

9. **Document Production:** The parties agree to produce documents on a rolling basis when they have been located and numbered; if copies are produced, the originals will be provided for inspection upon request.

DATED: December 2, 2013                    FABIAN & CLENDENIN, P.C.

                                           /s/ *Philip D. Dracht*
                                           Philip D. Dracht
                                           Scott M. Petersen (Admitted *Pro Hac Vice*)
                                           Jason W. Hardin (Admitted *Pro Hac Vice*)

                                           Thomas G. Foley, Jr., SBN 65812
                                           Robert A. Curtis, SBN 203870
                                           Justin P. Karczag, SBN 223764
                                           **FOLEY BEZEK BEHLE & CURTIS, LLP**
                                           15 West Carrillo Street
                                           Santa Barbara, California 93101

1    Telephone: (805) 962-9495
     Facsimile: (805) 962-0722
2    tfoley@foleybezek.com
     rcurtis@foleybezek.com
3    jkarczag@foleybezek.com

4    *Attorneys for Plaintiff Dana Bostick*

5    DATED: December XX, 2013    BOIES, SCHILLER & FLEXNER LLP

6
                                /s/ *William S. Ohlemeyer**
7                               David L. Zifkin (SBN 232845)
                                401 Wilshire Blvd., Suite 850
8                               Santa Monica, California 90401
                                Tele: (310) 363-9119
9                               Fax: (310) 395-5877
                                dzifkin@bsfllp.com
10

11                              BOIES, SCHILLER & FLEXNER LLP
12                              Jonathan D. Schiller (Admitted *Pro Hac
                                Vice*)
13                              William S. Ohlemeyer (Admitted *Pro Hac
14                              Vice*)
                                Jonathan Sherman (Admitted *Pro Hac Vice*)
15                              575 Lexington Avenue
16                              New York, NY 10022
                                Tele: 212-446-2300
17                              Fax: 212-446-2350
18                              jschiller@bsfllp.com
                                wohlemeyer@bsfllp.com
19                              jsherman@bsfllp.com
20

21                              *Attorneys for Defendants Herbalife
22                              International of America, Inc., Herbalife
                                International, Inc., and Herbalife, LTD*
23

24   *Electronically signed by submitting attorney with permission of William S. Ohlemeyer.

25

26

27

28