# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK<br><br>Plaintiff(s),<br><br>v.<br><br>HERBALIFE INTERNATIONAL OF AMERICA INC, et al.<br><br>Defendant(s). | CASE NO:<br>2:13−cv−02488−BRO−RZ<br><br>**ORDER FOR CIVIL JURY TRIAL**<br><br>**SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES** |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**I.        E−FILING REQUIREMENTS**

Mandatory paper Chambers copies of all e−filed motion, opposition and/or reply documents must be delivered to Judge O'Connell's box, on the Spring Street floor of USDC, located at 312 N. Spring St., Los Angeles, by noon on the day after e−filing. Documents will not be considered until chambers copies are submitted. Attached the NEF to the BACK of the chambers copy. Chambers copies delivered by Federal Express should not require the signature of the recipient.

\\\

## II. SCHEDULING

### A. In General

All motions to join other parties or to amend the pleadings shall be filed and served by the cut−off date specified in the Scheduling Order and if not specified by the Rules of Civil Procedure and the applicable local rules.

### B. Motions for Summary Judgment or Partial Summary Judgment

Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than the motion cut−off hearing date.

### C. Discovery Cut−Off

The Court has established a cut−off date for discovery in this action. All discovery shall be complete by the discovery cut−off date specified in the Scheduling Order. **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.**

In an effort to provide further guidance to the parties, the Court notes the following:

#### 1. Depositions

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut−off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the cut−off date.

#### 2. Written Discovery

All interrogatories, requests for production of documents, and requests for admission shall be served sufficiently in advance of the discovery cut−off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

#### 3. Discovery Motions

Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court

expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July 1995, which can be found on the Court's website under "Attorney Information> Attorney Admissions."

Discovery matters are referred to a United States Magistrate Judge. **Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut–off date to permit the responses to be obtained before that date, if the motion is granted.**

Consistent resort to the Court for guidance in discovery is unnecessary and will result in the appointment of a Special Master at the joint expense of the parties to resolve discovery disputes.

    4. **Expert Discovery**. Expert discovery is to be concluded by the discovery cutoff date. Accordingly, the initial disclosure of expert witnesses in full compliance with the Federal Rules of Civil Procedure is ordered no later than seventy (70) days before the discovery cutoff. Counter–designations of rebuttal experts in full compliance with the Federal Rules of Civil procedure are to be made thirty (30) days after the other party's disclosure.

    D.    **Mandatory Settlement Conference** (ADR proceedings)

Pursuant to Local Rule 16–15, the parties in every case must select a settlement procedure. The final meeting with the parties' settlement officer must take place no later than four weeks before the Final Pretrial Conference. Counsel shall file a Joint Report regarding the outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

\\\

\\\

\\\

### III. FINAL PRE–TRIAL CONFERENCE ("PTC")

This case has been placed on calendar for a Final Pre–Trial Conference pursuant to Fed. R. Civ. P. 16 and 26. Unless excused for good cause, each party appearing in this action shall be represented at the Final Pre–Trial Conference, and all pre–trial meetings of counsel, by the attorney who is to have charge of the conduct of the trial on behalf of such party.

*Pro per* parties are not exempt from following Federal Rule of Civil Procedure 16.

STRICT COMPLIANCE WITH THE REQUIREMENT OF FED. R. CIV. P. 16, 26 AND LOCAL RULES ARE REQUIRED BY THE COURT. Therefore, carefully prepared Memoranda of Contentions of Fact and Law, a Joint Witness List, and Joint Exhibit List shall be submitted to the Court. The Joint Witness List shall contain a brief statement of the testimony for each witness, **what makes the testimony unique** from any other witness testimony, and the time estimate for such testimony. The Joint Exhibit List shall contain any objections to authenticity and/or admissibility to the exhibit(s) and the reasons for the objections.

The Memoranda of Contentions of Fact and Law, Witness List, and Exhibit List are due fourteen (14) days before the Final Pre–Trial Conference. **The parties shall provide an electronic copy of the Memoranda of Contentions of Fact and Law, Witness List and Exhibit List in Microsoft Word format to the Judge's Chamber's Email at BRO_Chambers@cacd.uscourts.gov. The parties shall provide hyperlinks to case citations and/or evidence.**

### IV. FINAL PRE–TRIAL CONFERENCE ORDER ("PTCO")

The proposed PTCO shall be lodged fourteen (14) days before the PTC. Adherence to this time requirement is necessary for in–chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

  A. Place in "all caps" and in "bold" the separately numbered headings for each category in the PTCO (*e.g.*, **"1. <u>THE PARTIES</u>" or "7. <u>CLAIMS AND DEFENSES OF THE PARTIES</u>")**.

  B. Include a table of contents at the beginning.

  C. In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, *e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

  D. In specifying the parties' claims and defenses under section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.

  E. In drafting the PTCO, the court also expects that the parties will attempt to agree on and set forth as many non−contested facts as possible. The court will usually read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

  F. In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

  G. Issues of law should state legal issues on which the court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

**The parties shall provide an electronic copy of the PTCO in Microsoft Word format to the Judge's Chambers email at: BRO_Chambers@cacd.uscourts.gov**

\\\

## V. TRIAL PREPARATION FOR JURY TRIAL MOTIONS, INSTRUCTIONS AND EXHIBITS

### A. MOTIONS *IN LIMINE*

All motions *in limine* must be filed and served a minimum of twenty–eight (28) days prior to the scheduled hearing on Motions in Limine date (typically 1 week before the schedule trial date, as set forth in the attached schedule). Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty–one (21) days prior to the scheduled hearing on Motions in Limine date. All reply documents must be filed and served at least fourteen (14) days prior to the scheduled hearing date.

All motions *in limine* will be ruled upon on or before the scheduled trial date.

### B. JURY INSTRUCTIONS/SPECIAL VERDICT FORMS

Thirty–five (35) days before the hearing on Disputed Jury Instructions (as set forth in the attached schedule), plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant. Twenty–eight (28) days before the hearing, defendant shall serve on plaintiff defendant's objections to plaintiff's instructions together with any additional instructions defendant intends to offer. Twenty-one (21) days before the hearing, plaintiff shall serve on defendant plaintiff's objections to defendant's instructions. Twenty–one (21) days before the hearing, counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions. The parties shall make every attempt to agree upon the jury instructions before submitting them to the Court. It is expected that counsel will agree on the substantial majority of jury instructions.

Fourteen (14) days before the hearing, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement. Defendant's counsel has the burden of preparing the joint set of jury instructions. At the same time, each party shall file its proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of those instructions.

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short reply supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document, or if the parties disagree over any proposed jury instructions, three documents. The three documents shall consist of: (1) a set of Joint Proposed Jury Instructions; (2) Plaintiff's Disputed Jury Instructions; and (3) Defendant's Disputed Jury Instructions. Any disputed Jury Instructions shall include the reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The Court requires that the Jury Instructions, disputed Jury Instructions be emailed to the Courtroom Deputy Clerk at BRO_chambers@cacd.uscourts.gov.

The Court directs counsel to use the instructions from the *Manual of Model Jury Instructions for the Ninth Circuit* where applicable. Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the California Jury Instructions in CACI. If none of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*.

Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

Each requested instruction shall be set forth in full; be on a separate page; be numbered; cover only one subject or principle of law; not repeat principles of law contained in any other requested instructions; and cite the authority for a source of the requested instruction. In addition to the foregoing, each party shall file with the Courtroom Deputy on the first day of trial a "clean set" of the aforesaid requested duplicate jury instructions in the following form: Each requested instruction shall

be set forth in full; be on a separate page with the caption "COURT'S INSTRUCTION NUMBER __"; cover only one subject or principle of law; and not repeat principles of law contained in any other requested instruction. The "clean set" shall <u>not</u> cite the authority for a source of the requested instruction. Counsel shall also provide the Court with an electronic copy in Microsoft Word format. The parties shall provide hyperlinks to case citations.

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

- the number of the instruction;
- a brief title of the instruction;
- the source of the instruction and any relevant case citation; and
- the page number of the instruction.

*EXAMPLE:*

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 5 | Evidence for Limited Purpose | 9th Cir. 1.5 | 9 |

During the trial and before argument, the Court will meet with counsel and settle the instructions. Strict adherence to time requirements is necessary for the Court to examine the submissions in advance so that there will be no delay in starting the jury trial. **Failure of counsel to strictly follow the provisions of this section may subject the non–complying party and/or its attorney to sanctions and SHALL CONSTITUTE A WAIVER OF JURY TRIAL in all civil cases.**

### C. TRIAL EXHIBITS

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three–ring binder labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26 and

the Local Rules.

Joint Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible. Failure to object will result in a waiver of objection.

The Court requires that the Joint Exhibit List, the Joint Witness List, the Statement of the Case be emailed to the Courtroom Deputy Clerk at BRO_chambers@cacd.uscourts.gov, no later than the Thursday prior to the trial date.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

1. The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right–hand corner with the case number, case name, and exhibit number placed on each tag. Exhibit tags can be obtained from the Clerk's Office, Room G–8, 312 North Spring Street, Los Angeles, CA 90012.

2. <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

3. Three (3) copies of exhibit lists.

4. Three (3) copies of witness lists in the order in which the witness may be called to testify.

5. Counsel are ordered to submit a **two (2)** page joint statement of the case twenty–eight (28) days before trial that the Court may read to the prospective panel.

6. All counsel are to meet no later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so

received will be noted on the copies of the exhibit lists that are emailed to the Courtroom Deputy Clerk.

7. Counsel may, but need not, submit brief proposed voir dire questions for the jury twenty–eight (28) days before the Trial. The Court will conduct its own voir dire after considering any proposed voir dire submitted by counsel.

8. Any items that have not been admitted into evidence and are left in the courtroom overnight <u>without prior approval</u> will be discarded.

9. <u>In most cases the Court will conduct its initial voir dire of fourteen prospective jurors who will be seated in the jury box. Generally, the Court will select seven or eight jurors.</u>

10. <u>Each side will have three peremptory challenges. If fourteen jurors are seated in the box and all six peremptory challenges are exercised, the remaining eight jurors will constitute the panel. If fewer than six peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury. The Court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all six peremptory challenges are exercised, the Court may decide to proceed with six or seven jurors.</u>

## VI. **CONDUCT OF ATTORNEYS AND PARTIES**

### A. **OPENING STATEMENTS, EXAMINING WITNESSES, AND SUMMATION.**

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. The Court will honor (and may establish) <u>reasonable time estimates</u>

for opening and closing arguments, examination of witnesses, etc.

**B.  OBJECTIONS TO QUESTIONS**

1. Counsel may not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do.

**C.  GENERAL DECORUM**

1. Counsel should not approach the CRD or the witness box without permission. If permission is given, counsel should return to the lectern when the purpose has been accomplished. Counsel should not question a witness at the witness stand.

2. Counsel and parties should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom.

3. Counsel should address all remarks to the court. Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any request for the re−reading of questions or answers shall be addressed to the Court. Such request should be limited. Request may not be granted.

4. Counsel, should not address or refer to witnesses or parties by first names alone. Young witness (under 14) may, however, be addressed and referred to by first names.

5. Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6. While Court is in session, counsel must not leave counsel table to

confer with any personnel or witnesses in the back of the court room unless permission has been granted in advance.

7. Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8. Counsel should not talk to jurors at al, and should not talk to co–counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9. Where a party has more that one lawyer, only one may conduct the direct or cross–examination of a particular witness, or make objections as to that witness.

**D.   PROMPTNESS OF COUNSEL AND WITNESSES**

1. The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, this trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances. The Court will advise other courts that counsel are engaged in trial in this Court on request.

2. If a witness was on the stand at a recess, counsel must have the witness back on the stand ready to proceed, when the court session resumes.

3. If a witness was on the stand at adjournment, counsel must have the adjacent to, but not on the stand, ready to proceed when the court session resumes.

4. Counsel must notify the CDR in advance if any witness should be accommodate based on a disability or for other reasons.

    5.    No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

    6.    The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence . Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**IT IS SO ORDERED.**

Dated: December 9, 2013

_____
Beverly Reid O'Connell
United States District Judge

# JUDGE BEVERLY REID O'CONNELL
# SCHEDULE OF TRIAL AND PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)** **Estimated length: 10 day(s)** | 8:30 am | | | | 4/21/2015 |
| **Jury trial – Hearing on Motions in Limine** | | –1 | | | 4/13/2015 |
| **Hearing on Disputed Jury Instructions** | 1:30 pm | –2 | | | 4/6/2015 |
| **Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed–to Statement of Case; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc.** | 3:00 pm | –4 | | | 3/23/2015 |
| **Motions in Limine to be filed** | | –5 | | | 3/16/2015 |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit &Witness Lists** | | –6 | | | 3/9/2015 |
| **Last date to file Joint Report re ADR proceeding** | | –7 | | | 3/2/2015 |
| **Last date to conduct ADR Conference** | | –8 | | | 2/23/2015 |
| **Last day for hearing motions** | 1:30 pm | –9 | | | 2/9/2015 |
| **Discovery cut–off [Note: Expert disclosure no later than 70 days prior to this date.]** | | –10 | | | 2/2/2015 |
| **Last date to Amend Pleadings or Add Parties** | | | | | 4/5/2014 |