UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE BEVERLY REID O'CONNELL, U.S. DISTRICT JUDGE

DANA BOSTICK, a California citizen on behalf of himself and all others similarly situated, and on behalf of the general public,

        Plaintiff,

  vs.

HERBALIFE INTERNATIONAL, INC., et al.,

        Defendants.

Case No. CV 13-2488 BRO

REPORTER'S TRANSCRIPT OF
SCHEDULING CONFERENCE
MONDAY, DECEMBER 9, 2013
1:36 P.M.
LOS ANGELES, CALIFORNIA

---

**MYRA L. PONCE, CSR 11544, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET, ROOM 430
LOS ANGELES, CALIFORNIA 90012
(213) 894-2305

UNITED STATES DISTRICT COURT

```
 1                    APPEARANCES OF COUNSEL:

 2

 3   FOR THE PLAINTIFF:

 4       FOLEY, BEZEK, BEHLE & CURTIS
         BY:   THOMAS G. FOLEY, JR.
 5             Attorney at Law
         15 West Carrillo Street
 6       Santa Barbara, California  93101
         (805) 962-9495
 7
         FABIAN & CLENDENIN
 8       BY:   PHILIP D. DRACHT
               Attorney at Law
 9       215 South State Street, Suite 1200
         Salt Lake City, Utah  84111
10       (801) 531-8900

11

12   FOR THE DEFENDANTS:

13       BOIES, SCHILLER & FLEXNER
         BY:   JONATHAN D. SCHILLER
14             Attorney at Law
         575 Lexington Avenue, Seventh Floor
15       New York, New York  10022
         (212) 446-2300
16
         BOIES, SCHILLER & FLEXNER
17       BY:   JONATHAN SHERMAN
               Attorney at Law
18       5301 Wisconsin Avenue, NW
         Washington, DC  20015
19       (202) 237-2727

20       BOIES, SCHILLER & FLEXNER
         BY:   KAREN Y. PAIK
21             Attorney at Law
         401 Wilshire Boulevard, Suite 850
22       Santa Monica, California  90401
         (310) 752-2400

23

24

25
```

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 9, 2013
 2                              1:36 P.M.
 3                               -oOo-
 4            THE COURTROOM DEPUTY:  Case No. CV 13-2488 BRO,
 5   Dana Bostick versus Herbalife International of America,
 6   Incorporated, et al.
 7       Counsel, state your appearances, please.
 8            MR. FOLEY:  Good afternoon, Your Honor.
 9   Thomas Foley, Foley, Bezek, Behle & Curtis, co-counsel for
10   plaintiff Dana Bostick.
11            MR. DRACHT:  Good afternoon, Your Honor.
12   Philip Dracht, Fabian & Clendenin, co-counsel for plaintiff
13   Dana Bostick.
14            MR. SCHILLER:  Good afternoon, Your Honor.
15   Jonathan Schiller for the Herbalife defendants with my
16   colleagues Jonathan Sherman and Karen Paik.
17            THE COURT:  All right.  Good afternoon, folks.  Why
18   don't you have a seat.
19       I've read and considered your Rule 26(f) report.  I'm
20   familiar with this case, obviously.  But my concern is the
21   length of time for trial.  It's an awfully long time for trial.
22   2015.  Who would like to address that issue?
23       Plaintiff estimates a ten-day jury trial on April 21,
24   2015.  So let's hear from the plaintiff on why so long to
25   trial.
```

```
 1             MR. DRACHT:  Well, seems like there's two questions:
 2   One, why is the length of the trial so long; and then, two, why
 3   is it so long from today?
 4             THE COURT:  Well, I'm going to tell you this right
 5   now, is you're not going to have ten days to try the case.
 6   When we get closer to trial, at the pretrial conference, we
 7   will talk about the time limits I will give you.  So you don't
 8   need to address that.
 9             MR. DRACHT:  Okay.
10             THE COURT:  Address why I'm going to wait until 2015
11   to try this case.
12             MR. DRACHT:  Well, we think that given the -- both
13   the certification decision that the Court will have to decide
14   as well as discovery that's going to be necessary to complete
15   prior -- or after certification, if that -- the Court
16   determines certification is warranted, that we need to have
17   sufficient time to develop that record.
18        And we just -- we jointly agreed.  Frankly, plaintiffs
19   requested or initially submitted an earlier date than that.
20   But we jointly agreed that April 2015 would allow the parties
21   sufficient time to do all the discovery that they needed so
22   that we can present a complete record to Your Honor.
23             THE COURT:  Well, of course you're aware that the
24   rules require your class certification motion to be made within
25   90 days.  So I don't need to wait until 2015 if you're going to
```

```
 1  follow that rule.
 2              MR. DRACHT:  But we requested that the Court -- that
 3  the plaintiffs file their certification briefing in May of this
 4  coming year, so that's not too far off.  We'll be able to
 5  conduct a limited amount of discovery before that so that we
 6  can give -- give you everything that you need to make your
 7  decision.
 8              THE COURT:  Uh-huh.
 9              MR. DRACHT:  But we also know that once we submit
10  that motion before hearing, you'll want to have a reasoned
11  decision and take your time on that decision which will set the
12  wheels --
13              THE COURT:  Well, I hope not to be the anchor.
14  You're waiting for me to decide something; therefore, you can't
15  try the case.  But, you know, we will -- we like to give
16  reasoned decisions on all of our motions here.
17       But I still don't understand how it would take a year to
18  go from there.  And I'm, frankly, disinclined to give you that
19  date because it's just too far off.  It's just not going to
20  happen.
21       Now, this dispute was filed in 2013.  That's true.  And
22  I'll give you a little more time, but I'm not inclined to give
23  you to 2015.  I'll give you late 2014 because I think once the
24  motion -- will there be any damages discovery motion prior to
25  the class certification motion?  Are you contemplating that, so
```

```
 1  you know what the parameters of this action are?
 2              MR. DRACHT:  I would assume that we will be doing
 3  damages discovery as part of our regular discovery.
 4              THE COURT:  Okay.
 5              MR. DRACHT:  Certainly if late 2014 -- we think we
 6  can put together our case by then --
 7              THE COURT:  Okay.
 8              MR. DRACHT:  -- if Your Honor's so inclined.
 9              THE COURT:  Let's hear from the defense whether late
10  2014 -- I know you all have agreed on April 2015, but I can't
11  live with that date.  Too far out.
12              MR. SCHILLER:  Your Honor, Jonathan Schiller for
13  Herbalife.
14      After we filed the report, plaintiff served us with 207
15  document requests that addressed the world.
16              THE COURT:  Okay.
17              MR. SCHILLER:  So in addition to your concern about
18  the schedule, while my friend says that we have a limited
19  amount of discovery to do before class certification, unless
20  Your Honor agrees with us on bifurcation, which is an issue
21  before you also if you want to address it today, we have a lot
22  to do up till May.
23      We looked at the average in the Central District which
24  preceded Your Honor.  It's three to six months on class
25  certification from the time the motion is filed to decision.
```

1    So I think we both factored that time table in.
2         And as far as damages discovery goes, Judge, this is
3    injunctive relief proceeding so extensive discovery on damages.
4    My answer would be no --
5              THE COURT: He doesn't want his hundred dollars back
6    from the gift that he paid for?
7              MR. SCHILLER: It's $95.
8              THE COURT: Sorry.
9              MR. SCHILLER: In fact, if Your Honor doesn't
10   certify this class, which we think you will not after you see
11   the evidence, then this case is finished.
12             THE COURT: I don't know. I'm not making any
13   judgment about how I would rule on a class certification
14   motion, not at all. I remember the case, the facts of the
15   case. And I don't know, you know, frankly, where I'll fall, on
16   the three-month end of my colleague's decision or the six-month
17   end. I just don't know. It depends on, you know, the quality
18   of the brief and the facts. But -- and Magistrate Judge
19   Zarefsky will deal with all of the discovery issues.
20        But if you're telling me that you think, Mr. Sherman, that
21   it is unrealistic to do it before that, that you can't be
22   ready, then you need to tell me that. I mean, because the
23   discovery -- I know what it takes to respond to 200 discovery
24   requests. So if that's what you're telling me, then I need to
25   get some more clarification from you.

```
 1              MR. SCHILLER:  All right.  It's -- it's Schiller,
 2   Your Honor.
 3              THE COURT:  I'm sorry.
 4              MR. SCHILLER:  That's Sherman.  That's okay.  We're
 5   both Jonathan, so we use our last names in the office.
 6              THE COURT:  Yes.
 7              MR. SCHILLER:  What I'm saying is that these 207
 8   requests have been asked for now --
 9              THE COURT:  Right.
10              MR. SCHILLER:  -- before -- before class cert is
11   briefed, and I would like relief on that.  We can work out what
12   relates to this class certification issue as opposed to the
13   merits and not bother you with that.  But I would like at least
14   a bifurcation acknowledgment by the Court.
15         In terms of what we are then left with, if this class
16   action were to proceed, it's hard for me to understand how much
17   discovery we would have to defend against and -- and when and
18   how many experts he's going to use.  Right now he's asked for
19   all 60 countries and everything about our business.  It's a
20   massive request, as we've read those requests.
21              THE COURT:  Well, I'm going to leave right now the
22   discovery in the capable hands of Magistrate Judge Zarefsky.
23   You folks know how to get to me if you have some sort of issue,
24   but we're going to let him deal with that on the first
25   instance.
```

```
 1         Now, with respect to bifurcation, let's ask the plaintiff
 2   what your position is on the bifurcation.
 3              MR. SCHILLER:  Thank you, Judge.
 4              THE COURT:  That seems to me to be a reasonable
 5   request.
 6              MR. SCHILLER:  Thank you.
 7              THE COURT:  Uh-huh.
 8              MR. DRACHT:  Because we've agreed on a May briefing
 9   for certification, we think that the narrowest -- or the window
10   is sufficiently narrow that the parties are focused on issues
11   that are required for certification.
12        Now, I disagree with the characterization that we've
13   asked for --
14              THE COURT:  I'm not going to get into the discovery
15   dispute.
16              MR. DRACHT:  Right.
17              THE COURT:  That's in front of Magistrate Judge
18   Zarefsky.  What I want to know is your viewpoint on
19   bifurcation.
20              MR. DRACHT:  And I -- our viewpoint on bifurcation
21   is that bifurcation is a -- is a tool that used to be used.
22   And with recent Supreme Court guidance in the *Wal-Mart versus*
23   *Dukes* case, it's becoming increasingly fraught with peril to
24   apply because the standards have changed for certification and
25   there is much more of an inquiry into the sort of underlying
```

1  merits.

2  And to tie our hands at this stage to what they call

3  certification, which really is a -- you know, it's a

4  distinction that will only invite disagreement between the

5  parties as we're fighting over what is merits and what is

6  certification.  To require that at this stage really deprives

7  us of an essential tool to get the -- get the information that

8  we need for certification to present it to Your Honor.

9  THE COURT:  Well, I don't know that that is -- you

10 know, I do think Courts bifurcate these issues all the time.

11 And I'm -- I'm not sure how dealing with the elements required

12 for class certification is necessarily intertwined with the

13 merits, given the nature of the merits facts in this case.  I

14 mean, given the unique nature of this case -- I mean, it's a

15 little bit different than other class motions that I've

16 actually heard.

17 So explain to me why -- how you think it's going to

18 overlap -- how your class certification discovery is going to

19 overlap with merits discovery.

20 MR. DRACHT:  Certainly.  For example, while this is

21 a -- sort of a -- this is kind of a hybrid fraud case, there

22 are elements of representations and misrepresentations that we

23 allege in the Complaint that are -- were made to all members of

24 the class that we may need to get into the truth of.

25 One of them is, for example, the statement of average

1  gross compensation.  We may need -- or we need to delve deeper
2  into what that statement -- what documents were used to create
3  that statement, what information was used by defendants to
4  create that statement to determine whether or not -- well, we
5  think that it was untrue in 20 -- 2013, was it still untrue in
6  2009? -- to be able to make that analysis to make -- be able to
7  look at that particular issue, we need to go beyond just what
8  was the statement.
9      So there is an inquiry that's deeper into the substance of
10 the claims that I think we're going to need to present on class
11 certification.
12          THE COURT:  Okay.  And how would Magistrate Judge
13 Zarefsky be unable to make a ruling that that goes to the
14 merit -- that goes to certification issues and let you have
15 discovery on it?
16          MR. DRACHT:  I'm sorry, I don't quite understand.
17          THE COURT:  So if I bifurcate, Magistrate Judge
18 Zarefsky is certainly able to say, well, we agree with you that
19 that goes to class certification, that delving into the
20 misrepresentation goes to class certification so you'd be
21 permitted to do that.  How does that deprive you of discovery
22 that you need for class certification?
23          MR. DRACHT:  Well, outside of the fact that we will
24 have to go in front of the magistrate judge on each of those
25 inquiries and spend a lot of time that we don't have between

12

1  now and May, that does hurt us.  It -- it assumes -- basically
2  we will have to move to compel any information that the
3  defendants say, gee, that's an issue for -- for merits and it's
4  not a class certification issue so, no, we're not going to
5  produce this information.
6       We're now stuck in a motion to compel mode and the clock
7  is ticking.  Our briefing will be due in May.  And, you know,
8  it's already late -- or it's already December now.  And so
9  that -- that's where we're going to be hurt.  It's really a
10 race against the clock.  And having that distinction between
11 merits and class discovery is another hurdle that we'll have to
12 climb over to get there.
13           THE COURT:  Okay.  All right.  Let's hear from
14 Mr. Schiller, unless Mr. Sherman would like to speak to the
15 issue.  Oh, now you're going to confuse me.  Now Mr. Sherman is
16 coming up.  Okay.
17           MR. SHERMAN:  It was a test, Your Honor, and thank
18 you.
19     We're now suggesting they are not entitled in a bifurcated
20 situation to discovery that happens to overlap.  We're
21 disagreeing, as I -- as I think you may, with the notion that
22 everything is inextricably intertwined with the merits.  And
23 the 207 document requests, which I'm not going to go into the
24 substance of, I can represent to you involve an enormous amount
25 of merits-only discovery.

1	We're not going to object to producing documents that are
2	relevant to class certification. And we understand that
3	sometimes there's overlap. But these document requests, as you
4	just heard, go perilously much further than we want to show you
5	the misrepresentations -- excuse me -- that -- that the
6	plaintiffs relied on or that Mr. Bostick relied on. They want
7	to go into the business model. They want to go into great
8	detail behind our corporate structure, and we know why.
9	    You also know, Your Honor, that in a bifurcation context
10	the MCL and other Courts look beyond the document requests and
11	the discovery at kind of the whole situation. And the
12	situation here is that, as Mr. Schiller said, we could end up
13	having to do tens of millions of dollars of discovery work in
14	producing documents that bear no relationship -- because we
15	don't argue they don't anyway -- to class certification.
16	    And for a $2,000 case -- or a $95 case and we -- this case
17	is not going to continue. That's relevant under the MCL
18	considerations, under case law in this District. The question
19	of -- the fact that we've agreed on the trial schedule is
20	relevant.
21	    Let me give you one more example. The distributorship
22	agreement that -- that their client signed has a one-year
23	private statute of limitations in it. That means that he is
24	permitted to seek relief for all claims that accrued within the
25	last year. And he filed this lawsuit one year to the day after

```
 1   he signed that agreement.  But his class goes back four years,
 2   which is the statute of limitations that were brought.
 3         So even if you grant certification, the notion that they
 4   should get 75 percent worth, if that's what it is, more merits
 5   discovery now for what is really -- if we could just be --
 6   really going to be an attempt to engage in some sort of
 7   coercive settlement is unfair.  That's why you bifurcate.  You
 8   bifurcate so you can get at the thing that it takes 90 days to
 9   do in this District, and that is --
10               THE COURT:  So they say.  I mean, many of my
11   colleagues don't even apply that rule.
12               MR. SHERMAN:  Sure.
13               THE COURT:  So I'm aware of that.  All right.
14               MR. SHERMAN:  It was the merits-only discovery that
15   we think merits a generic ruling for bifurcation.
16               THE COURT:  Okay.
17               MR. SHERMAN:  Thank you, Your Honor.
18               THE COURT:  Thank you.  All right.
19         All right.  Here's what I'm going to do.  I'm going to
20   bifurcate the discovery in this issue.  But because I'm
21   bifurcating the discovery in this issue, I am reluctantly
22   giving you your 2015 trial date.  But please understand, folks,
23   I'm not happy with this trial date to begin with.  So if you
24   are going to file a motion to continue this later, you better
25   have a really darn good reason to continue this.
```

1     You've selected the date. We'll go -- we will -- I will
2  give you the time because I'm bifurcating. Should I certify
3  the class, I have no idea. That will give you the time you
4  need to adequately discover the materials.
5     But I'm going to expect you to remain on schedule. I will
6  reserve time for you in 2015. And when we get closer to the
7  date, we'll figure out how long this case is going to take to
8  try.
9     All right. And if you believe that the discovery that
10 you've requested goes to class certification, you are most
11 certainly welcome to argue that in front of Magistrate Judge
12 Zarefsky.
13    Okay. Is there anything else that I can do for you folks
14 before I issue the scheduling order? Yes.
15             MR. DRACHT: With bifurcation comes certain other
16 issues imposed by the Federal Rules such as limitations on the
17 number of depositions, limitations on interrogatories. We
18 would request that the Court, if we're going to bifurcate
19 discovery, allow us the opportunity to conduct merits discovery
20 with -- with -- under the rules it's ten depositions.
21             THE COURT: Wait. Wait, wait.
22             MR. DRACHT: Post-certification.
23             THE COURT: Back that up because you confused me
24 there for a second. You said you -- you want to do what?
25             MR. DRACHT: Well, we're going to need to take some

```
 1  depositions --
 2              THE COURT:  Okay.
 3              MR. DRACHT:  -- prior to certification.
 4              THE COURT:  Okay.
 5              MR. DRACHT:  We're going to want to take -- we're
 6  going to want to do interrogatories prior to certification.
 7  Under the rules, we're limited under --
 8              THE COURT:  Yes, you are.
 9              MR. DRACHT:  -- those numbers.  And we would --
10  because the Court will be bifurcating discovery, we'd request
11  that we also -- that we not be short-changed on the merits
12  discovery because the focus of our discovery at this stage is
13  going to be on --
14              THE COURT:  So you're asking for two bites.  You're
15  asking for the same amount on the certification and then you
16  get the same amount for the merits.  Is that what you're asking
17  for?
18              MR. DRACHT:  Two half bites.
19              THE COURT:  Two half bites.  Oh, you want -- so then
20  you have five depositions and five depositions, not ten and
21  ten.  Because, you know, I did take a little math in college.
22  So if a half bite's a half bite is what you're asking for,
23  fine, you can have your half bite.  But then you only get the
24  half bite.
25              MR. DRACHT:  Well, we think that -- we certainly
```

```
 1  have to take a look at the number of depositions that we need
 2  for certification.
 3          THE COURT:  Here's what you can do.  Here's what you
 4  can do.  You can apply to Magistrate Judge Zarefsky for
 5  additional discovery and he'll rule on it.  And then if you're
 6  unhappy with that, you are entitled to come here for another
 7  decision.
 8          MR. DRACHT:  Okay.  Thank you, Your Honor.
 9          THE COURT:  But I'm not -- I'm going to hold you to
10  the local rules and the Rules of Civil Procedure, and we'll go
11  from there.
12          MR. DRACHT:  Okay.
13          THE COURT:  All right.  Mr. Schiller, Mr. Sherman,
14  you're both -- now you're both standing.  So how can I help you
15  now?
16          MR. SCHILLER:  Nothing further for us, Your Honor.
17  We're going to produce one 30(b)(6) and that will take three of
18  his five out of the way, so -- one for each witness, we'll
19  just -- all three companies.
20          THE COURT:  I'm sorry.  Say again?
21          MR. SCHILLER:  We'll make it easy for him on his
22  30(b)(6) request.
23          THE COURT:  Okay.  Well, I appreciate that.
24       One person's most knowledgeable, that person's most
25  knowledgeable.  So we'll see where we go from there.  You folks
```

```
 1  are more familiar with the details.  So I'll let you prepare
 2  your cases and your motion.
 3              MR. SCHILLER:  Thank you, Your Honor.
 4              THE COURT:  Anything else?
 5              MR. DRACHT:  No, Your Honor.
 6              MR. SCHILLER:  Not from the defendants.
 7              THE COURT:  Thank you.
 8              (Proceedings concluded at 1:56 p.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3   COUNTY OF LOS ANGELES    )
                              )
 4   STATE OF CALIFORNIA      )

 5

 6             I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT

 7   REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE

 8   CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT

 9   TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING

10   IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY

11   REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT

12   THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

13   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

14

15

16

17                     DATED THIS 27TH DAY OF DECEMBER, 2013.

18

19

20                            /S/ MYRA L. PONCE
                       _____
21                     MYRA L. PONCE, CSR NO. 11544, RMR, CRR
                            FEDERAL OFFICIAL COURT REPORTER
22

23

24

25
```