BOIES, SCHILLER & FLEXNER LLP
Jonathan D. Schiller (admitted *pro hac vice*)
jschiller@bsfllp.com
William S. Ohlemeyer (admitted *pro hac vice*)
wohlemeyer@bsfllp.com
Jonathan Sherman (admitted *pro hac vice*)
jsherman@bsfllp.com
575 Lexington Avenue
New York, NY 10022
Telephone:   212-446-2300
Facsimile:   212-446-2350

<span style="color:red">**DENIED**</span>
BY ORDER OF THE COURT

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Telephone:   310-752-2400
Facsimile:   310-752-2490

Attorneys for Defendants *Herbalife International of America, Inc., Herbalife International, Inc., and Herbalife Ltd.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK, a California citizen on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation, HERBALIFE INTERNATIONAL, INC., a Nevada Corporation, HERBALIFE LTD., a Cayman Islands Corporation,<br><br>Defendants. | Case No.  13-cv-02488 BRO (RZx)<br><br>**[PROPOSED] STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>DISCOVERY MATTER<br><br>Hon. Ralph Zarefsky |

WHEREAS, Plaintiff and Defendants (collectively, "the Parties"), hereby acknowledge that certain documents and other information being produced in this litigation include confidential, proprietary and/or trade secret information relating to the business of each party, which, if disclosed, would harm the party's business, commercial, or financial interests;

WHEREAS, the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials;

WHEREAS the Parties desire to adequately protect information the Parties are entitled to keep confidential as well as ensure that only such materials are subject to special treatment; and

WHEREAS the Parties respectfully submit that protection of this confidential information will protect the Parties from unfair competition, burden, and expense;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulated Order Governing the Designation and Handling off Confidential Materials (the "Order") govern disclosure and use by the parties of all documents, testimony, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The parties stipulate to and petition the court to enter the following Order.  The parties acknowledge that this Order

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal.

Notwithstanding anything to the contrary in this Order, this Order shall not govern in connection with dispositive motions or at trial, where different legal standards may apply. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If protection is desired in connection with those proceedings, it shall be sought separately, from the judicial officer who will preside at those proceedings. Local Rule 79-5 and the "Pilot Program – Instructions to Attorneys Procedures for Filing Under Seal Documents" set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1.   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.   <u>"CONFIDENTIAL"</u>:  information (regardless of how it is generated, stored or maintained) or tangible things or items that include or are substantially similar to: a trade secret entitled to protection under the California Uniform Trade Secrets Act, Cal. Civ. Code §§3426.1 *et seq.*; non-published financial information, business plans, strategies, marketing information, sales data, customers lists, unpublished patent applications, invention disclosures, proprietary algorithms in unpublished and published copyrights, technical drawings, technical plans and flow charts, for which the disclosing party reasonably believes would cause competitive harm to the disclosing party if it were publicly disclosed; and information which the

disclosing party has independently agreed in the ordinary course of business to maintain in confidence for the benefit of a third party, such as confidential technical or financial information provided by a third party.

No material shall be designated "CONFIDENTIAL" if the material has been published, distributed to the public, accessible to the public, or disclosed to a non-party without a confidentiality agreement or a reasonable expectation that the material would be maintained by the non-party in confidence.

2.3.   Counsel:  attorneys (i) who are not employees of a Party but are retained to represent or advise a Party in connection with this action or are affiliated with a law firm which has appeared for a Party (and all support staff) or (ii) who are employees of a Party and whose job responsibilities include the provision of legal advice (and all support staff).

2.4.   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5.   Disclosures or Discovery Material:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including documents, testimony, interrogatory answers, responses to requests to admit or deny, transcripts, ESI and tangible things) produced or generated in connection with disclosures or responses to discovery in this matter.

2.6.   Expert:  a person with specialized knowledge or experience in a matter pertinent to this action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.   High Risk Expert: An Expert shall be a "High Risk Expert" if he or she is or was (From January 1, 2010 to the present) employed or has reason to

believe that within the next three years he or she will be employed, in any form of consulting or professional relationship with any person or entity that competes with Herbalife or profits or attempts to profit from Herbalife's success or failure or a diminution in the value of its common stock.  Counsel shall exercise good faith and reasonable diligence in determining whether an Expert is a "High Risk Expert."

     2.8.   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Information substantially similar to the following highly sensitive information, if non-public, may be designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" since such information is particularly sensitive and/or of immediate competitive significance: trade secrets; pricing information; proprietary technical drawings, technical plans, flow charts, source code, and algorithms; financial data, sales information, sales or marketing plans, customer information, business plans, sales or marketing strategy, competitive analysis, performance metrics and reports, business intelligence information, product development information, strategic plans, management reports, information obtained by a non-party that is subject to confidentiality obligations, licensing documents and communications, and settlement agreements or communications.

     Care shall be taken by the producing party to use the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation only where the producing party has a good faith belief that such protection is needed.

     2.9.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

     2.10.   Party: any party to this action, including all of its officers, directors, employees, and consultants.

     2.11.   Pershing Square Person:  Pershing Square Capital Management and any present or former directors, officers, executives, partners, principals, trustees, employees, agents, attorneys, accountants, advisors and representatives, or any

1   other person(s) known, believed, or suspected to be acting or purporting to act on

2   its behalf, now or at any previous time since January 1, 2010, including but not

3   limited to William Ackman and Sullivan & Cromwell LLP.

4        2.12.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

5   Discovery Material.

6        2.13.  <u>Professional Vendors</u>: persons or entities that provide litigation

7   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

8   demonstrations, and organizing, storing, or retrieving data in any form or medium)

9   and their employees and subcontractors.

10       2.14.  <u>Protected Material</u>: any Disclosure or Discovery Material that is

11   designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY."

13       2.15.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

14   Material from a Producing Party.

15   3.    <u>SCOPE</u>

16       The protections conferred by this Order cover not only Protected Material (as

17   defined above), but also (1) any information copied or extracted from Protected

18   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

19   and (3) any testimony, conversations, or presentations by Parties or their Counsel

20   that might reveal Protected Material.  However, the protections conferred by this

21   Order do not cover the following information: (a) any information that is in the

22   public domain at the time of disclosure to a Receiving Party or becomes part of the

23   public domain after its disclosure to a Receiving Party because of publication not

24   involving a violation of this Order, including becoming part of the public record

25   through trial or otherwise; and (b) any information known to the Receiving Party

26   prior to disclosure or obtained by the Receiving Party after the disclosure from a

27   source who obtained the information lawfully and under no obligation of

28   confidentiality to the Designating Party.

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non- Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g*., second paragraph of section 5.2 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a)   for information in documentary form (e.g., paper, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

the margins) and must specify, for each portion, the level of protection being asserted.

b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Using a document as an exhibit at a deposition shall not affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers) designated as Protected Material and the level of protection being asserted by the Designating Party.  The

Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

d) for electronic documents produced in native format (e.g., .XLS files), designations shall be made in accordance with an agreed upon protocol governing production of electronically stored information.

5.3.  <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1.  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made under this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven days of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties may proceed to the next stage of the challenge process only if the Challenging Party has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention by Joint Stipulation</u>. If the Parties cannot resolve a challenge, within fourteen days of the conference of counsel the Parties shall prepare and present to the Court a joint letter brief consistent with Local Civil Rule 37-2 (and in compliance with Local Rule 79-5, if applicable) that identifies the challenged material and sets forth the respective positions of the parties about the propriety of the challenged confidentiality designations. The Designating Party is the "moving party" and the Challenging Party is the "opposing party." The Designating Party has seven days from the conference of counsel to prepare their portion of the stipulation and the Challenging Party has seven days from the

service, by e-mail, of the Designating Party's portion of the stipulation to prepare the Challenging Party's portion of the stipulation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  The failure of any party to comply with or cooperate in the foregoing procedures set forth in Section 6.2 and this Section 6.3 may result in the imposition of sanctions.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)      the Receiving Party's Counsel, and staff of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

b)      the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)      the Court and its personnel;

e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

h)      Notwithstanding the foregoing provisions of this Section 7.2, no discovery material designated as "CONFIDENTIAL" may be disclosed to any Pershing Square Person at any time.  In the event that a party seeks to show material designated as "CONFIDENTIAL" to an Expert who is a Pershing Square Person, that party shall first provide a written notification to the Designating Party as described in Section 7.4(a) below.  Within ten days after delivery of this notification, the parties shall meet and confer in a good faith effort to resolve their dispute.  If the parties are unable to settle their differences, the parties shall seek judicial intervention pursuant to the procedures set forth in Section 6.3 of this

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

Agreement.  In such context, the party seeking to disclose materials shall be the "moving party" and the Designating Party shall be the "opposing party."  The burden of persuasion in any such proceeding shall be on the moving party to demonstrate why it would be unduly prejudiced unless granted relief from this provision.

   7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a) the Receiving Party's Counsel and staff of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) if the Expert is a High Risk Expert as to whom the procedure in paragraph 7.4, below, has been followed.

c) the court and its personnel;

d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

f)      Notwithstanding the foregoing provisions of this Section 7.3, no discovery material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to any Pershing Square Person at any time.  In the event that a party seeks to show material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert who is a Pershing Square Person, that party shall first provide a written notification to the Designating Party as described in Section 7.4(a) below.  Within ten days after delivery of this notification, the parties shall meet and confer in a good faith effort to resolve their dispute.  If the parties are unable to settle their differences, the parties shall seek judicial intervention pursuant to the procedures set forth in Section 6.3 of this Agreement.  In such context, the party seeking to disclose materials shall be the "moving party" and the Designating Party shall be the "opposing party."  The burden of persuasion in any such proceeding shall be on the moving party to demonstrate why it would be unduly prejudiced unless granted relief from this provision.

7.4.   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information or Items to High Risk Experts</u>.

a)      Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a High Risk Expert (as defined above) any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written notification to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the High Risk Expert and the city and state of his or her primary residence, (3) attaches a copy of the High Risk Expert's current resume, (4)

1    identifies the High Risk Expert's current employer(s), (5) identifies the reason(s)

2    why the Expert is a High Risk Expert.

3         b)     A Party that makes a notification and provides the information

4    specified in the preceding respective paragraphs may disclose the subject Protected

5    Material to the identified High Risk Expert unless, within fourteen 14 days of

6    delivering the request, the Party receives a written objection from the Designating

7    Party.  Any such objection must detail the grounds on which it is based.

8         7.5.   A Party that receives a timely written objection must meet and confer

9    with the Designating Party (through direct voice to voice dialogue) to try to resolve

10   the matter by agreement within seven days of the written objection.  If no

11   agreement is reached, the Party seeking to prohibit the disclosure to the High Risk

12   Expert may file a joint motion as provided in Local Civil Rule 37 (and in

13   compliance with Local Civil Rule 79-5, if applicable) to prohibit the disclosure.

14   The Designating Party is the "moving party" and the party seeking disclosure is the

15   "opposing party."  The moving party has seven days from the conference of counsel

16   to prepare their portion of the stipulation and the opposing party has seven days

17   from the service, by e-mail, of the moving party's portion of the stipulation to

18   prepare the opposing party's portion of the stipulation. Any such motion must

19   describe the circumstances with specificity, set forth in detail the reasons why the

20   disclosure to the High Risk Expert creates a substantial risk of serious harm that

21   could not be avoided by less restrictive means, assesses the risk of harm that the

22   disclosure would entail, and suggests any additional means that could reduce that

23   risk.  Any such motion must be accompanied by a competent declaration describing

24   the parties' efforts to resolve the matter by agreement (i.e., the extent and the

25   content of the meet and confer discussions).

26        In any such proceeding, the Party opposing disclosure to the High Risk

27   Expert shall bear the burden of proving that the risk of harm that the disclosure

28

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

1   would entail (under the safeguards proposed) outweighs the Receiving Party's need

2   to disclose the Protected Material to its High Risk Expert.

3   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4         IN OTHER LITIGATION

5         If a Party is served with a subpoena or a court order issued in other litigation

6   that compels disclosure of any information or items designated in this action as

7   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY" that Party must:

9         a)    promptly notify in writing the Designating Party.  Such notification

10  shall include a copy of the subpoena or court order;

11        b)    promptly notify in writing the party who caused the subpoena or order

12  to issue in the other litigation that some or all of the material covered by the

13  subpoena or order is subject to this Order.  Such notification shall include a copy of

14  this Order; and

15        c)    cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may be affected.

17        If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this

19  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY" before a determination by the court from which the subpoena or

21  order issued, unless the Party has obtained the Designating Party's permission.  The

22  Designating Party shall bear the burden and expense of seeking protection in that

23  court of its confidential material – and nothing in these provisions should be

24  construed as authorizing or encouraging a Receiving Party in this action to disobey

25  a lawful directive from another court.

26

27

28

16

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

9.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
<u>PRODUCED IN THIS LITIGATION</u>

a)      This Order applies to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b)      If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2)      promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3)      make the information requested available for inspection by the Non-Party.

c)      If the Non-Party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

1  shall bear the burden and expense of seeking protection in this court of its Protected

2  Material.

3  10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Protected Material to any person or in any circumstance not authorized under this

6  Order, the Receiving Party must immediately (a) notify in writing the Designating

7  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

8  unauthorized copies of the Protected Material, (c) inform the person or persons to

9  whom unauthorized disclosures were made of all the terms of this Order, and (d)

10  request such person or persons to execute the "Acknowledgment and Agreement to

11  Be Bound" that is attached hereto as Exhibit A.

12  11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

13          PROTECTED MATERIAL

14          If information is produced in discovery that is subject to a claim of privilege

15  or of protection as trial-preparation material, the party making the claim may notify

16  any party that received the information of the claim and the basis for it.  After being

17  notified, a party must promptly (within one day) return or destroy the specified

18  information and any copies it has and may not sequester, use or disclose the

19  information until the claim is resolved.  This includes a restriction against

20  presenting the information to the court for a determination of the claim.  This

21  provision is intended to be fully consistent with Federal Rule of Evidence 502.

22  12.      MISCELLANEOUS

23          12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any

24  person to seek its modification by the court in the future.

25          12.2.  Right to Assert Other Objections.  By stipulating to the entry of this

26  Order no Party waives any right it otherwise would have to object to disclosing or

27  producing any information or item on any ground not addressed in this Order.

28

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

1   Similarly, no Party waives any right to object on any ground to use in evidence of

2   any of the material covered by this Order.

3       12.3.   <u>Filing Protected Material</u>.  Without written permission from the

4   Designating Party or a court order secured after appropriate notice to all interested

5   persons, a Party may not file in the public record in this action any Protected

6   Material.  A Party that seeks to file under seal any Protected Material must comply

7   with Local Rule 79-5 and the "Pilot Program – Instructions to Attorneys Procedures

8   for Filing Under Seal Documents."  Protected Material may only be filed under seal

9   under a court order authorizing the sealing of the specific Protected Material at

10  issue.  If a Receiving Party's request to file Protected Material under seal is denied

11  by the court, then the Receiving Party may file the Protected Material in the public

12  record, unless otherwise instructed by the court.

13      12.4.   <u>Use of Protected Material at Trial</u>: Before the trial begins, the Parties

14  shall meet and confer in good faith as part of the pre-trial conference statement

15  process to discuss a procedure for identification of and use of Protected Material at

16  trial. The Parties shall include in the pre-trial conference statement, for the Court's

17  consideration, the agreed-upon procedure. If the Parties cannot agree on a

18  procedure, the Designating Party may seek appropriate Court Orders concerning the

19  handling at trial of Protected Material under applicable Court rules, including the

20  Local Rules, Federal Rules of Evidence, and Federal Rules of Civil Procedure.

21  13.   <u>FINAL DISPOSITION</u>

22      Within 60 days after the final disposition of this action, as defined in

23  Paragraph 4, each Receiving Party must return all Protected Material to the

24  Producing Party or destroy such material.  As used in this subdivision, "all

25  Protected Material" includes all copies, abstracts, compilations, summaries, and any

26  other format reproducing or capturing any of the Protected Material.  Whether the

27  Protected Material is returned or destroyed, the Receiving Party must submit a

28  written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED:  January 30, 2014          BOIES, SCHILLER & FLEXNER LLP

                                  /s/ David L. Zifkin
                                  David L. Zifkin

                                  Attorneys for Defendants
                                  Herbalife International of America, Inc.,
                                  Herbalife International, Inc. and Herbalife
                                  Ltd.


DATED:  January 30, 2014          FABIAN & CLENDENIN, P.C.

                                  /s/ Philip D. Dracht
                                  Philip D. Dracht

                                  Attorneys for Plaintiff
                                  Dana Bostick


FED. R. CIV. P. 26(c) requires a showing of good cause for the entry of a protective order, and the Court must find good cause even if the parties have stipulated to the existence of a protective order.  *Jepson Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).  A good cause showing is a

particularized showing with respect to documents or categories, and it must be demonstrated that a party will suffer some identified prejudice. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Rivera v. NIBCO, Inc.* 384 F.3d 822 (9th Cir. 2004); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, p. 265 (1970), cited with approval in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n. 15 (1981).   The Court assumes that the parties are attempting to meet this standard by their definitions of "Confidential" and "Highly Confidential," but those definitions are so broad and, in some cases, overlapping, as to make enforceability of any order problematic.   Both definitions include trade secrets; one includes sales "data" and the other sales "information;" customer lists are "confidential," but customer "information" is highly confidential; business plans are confidential, but strategic plans and management reports are highly confidential; and so on.   Moreover, leaving it to parties themselves to decide later what materials or categories of materials qualify, and to do so whenever they wish, is not the proper province of a protective order. *See, e.g., Procter & Gamble Co. V. Bankers Trust Co.*, 78 F.3d 219, 222 (6th Cir. 1996).

The Court must view the proposal as a proposal for an order:  what happens if there is an alleged violation?  How would the Court be able to adjudicate such a matter?  In the Court's view, the proposal does not lead to an enforceable order.

The requested order is denied.  The parties may, of course, enter into a stipulation among themselves, without a court order, so long as court deadlines are

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

1   not affected,  FED. R. CIV. P. 29, and the Court assumes that, since they have done

2   so, they have agreed to proceed in accordance with the terms of their stipulation.

3

4               **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

5
    DATED:  February 7, 2014
6

7               _____

8               Hon. Ralph Zarefsky
                UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    [PROPOSED] STIPULATED ORDER GOVERNING
                                    THE DESIGNATION AND HANDLING
                                    OF CONFIDENTIAL MATERIALS