1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOIES, SCHILLER & FLEXNER LLP
Jonathan D. Schiller (admitted *pro hac vice*)
jschiller@bsfllp.com
William S. Ohlemeyer (admitted *pro hac vice*)
wohlemeyer@bsfllp.com
Jonathan Sherman (admitted *pro hac vice*)
jsherman@bsfllp.com
575 Lexington Avenue
New York, NY 10022
Telephone:   212-446-2300
Facsimile:    212-446-2350

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Telephone:   310-752-2400
Facsimile:    310-752-2490

Attorneys for Defendants *Herbalife International of America, Inc., Herbalife
International, Inc., and Herbalife Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK, a California citizen on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>          Plaintiff,<br><br>     v.<br><br>HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation, HERBALIFE INTERNATIONAL, INC., a Nevada Corporation, HERBALIFE LTD., a Cayman Islands Corporation,<br><br>          Defendants. | Case No.  13-cv-02488 BRO (RZx)<br><br>**[~~PROPOSED~~] STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>DISCOVERY MATTER<br><br>Hon. Ralph Zarefsky<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

WHEREAS, Plaintiff and Defendants (collectively, "the Parties"), hereby acknowledge that certain documents and other information being produced in this litigation include confidential, proprietary and/or trade secret information relating to the business of each party, which, if disclosed, would harm the party's business, commercial, or financial interests;

WHEREAS, the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials;

WHEREAS the Parties desire to adequately protect information the Parties are entitled to keep confidential as well as ensure that only such materials are subject to special treatment; and

WHEREAS the Parties respectfully submit that protection of this confidential information will protect the Parties from unfair competition, burden, and expense;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulated Order Governing the Designation and Handling off Confidential Materials (the "Order") govern disclosure and use by the parties of all documents, testimony, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action.

1.    PURPOSES AND LIMITATIONS

This case involves production of, among other things, Defendants' business models, non-public financial data, marketing strategies and business information of a similar nature, Discovery in this action therefore is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

may be warranted.  The parties stipulate to and petition the court to enter the following Order.  The Order <u>does</u> <u>not</u> <u>confer</u> blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential or highly confidential treatment as set forth herein and subject to the applicable legal principles.  The parties further acknowledge that this Order does not entitle them to file confidential information under seal.

Notwithstanding anything to the contrary in this Order, this Order shall not govern in connection with dispositive motions or at trial, where different legal standards may apply. *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  If protection is desired in connection with those proceedings, it shall be sought separately, from the judicial officer who will preside at those proceedings. Local Rule 79-5 and the "Pilot Program – Instructions to Attorneys Procedures for Filing Under Seal Documents" set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1.   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.   <u>"CONFIDENTIAL"</u>:  information (regardless of how it is generated, stored or maintained) that has not been revealed to the public and that falls into one or more of the following categories:

a.     the information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal Highly Confidential Information, as defined below;

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

b.                                    pri

vate information about any party, officer, employee or other

individual;

c.                                    co

mmercially-sensitive information regarding the development,

production, marketing, branding, sales or promotion of the entity's

products or finances, the disclosure of which would have the effect

of causing harm to the competitive position of the person or entity

from which the information is obtained.

No material shall be designated "CONFIDENTIAL" if the material has been

published, distributed to the public, accessible to the public, or disclosed to a non-

party without a confidentiality agreement or a reasonable expectation that the

material would be maintained by the non-party in confidence.

2.3.    Counsel:  attorneys (i) who are not employees of a Party but are

retained to represent or advise a Party in connection with this action or are affiliated

with a law firm which has appeared for a Party (and all support staff) or (ii) who are

employees of a Party and whose job responsibilities include the provision of legal

advice (and all support staff).

2.4.    Designating Party:  a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

2.5.    Disclosures or Discovery Material:  all items or information,

regardless of the medium or manner in which they are generated, stored, or

maintained (including documents, testimony, interrogatory answers, responses to

requests to admit or deny, transcripts, ESI and tangible things) produced or

generated in connection with disclosures or responses to discovery in this matter.

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

2.6.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to this action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.   <u>High Risk Expert</u>: An Expert shall be a "High Risk Expert" if he or she is or was (From January 1, 2010 to the present) employed or has reason to believe that within the next three years he or she will be employed, in (1) any form of consulting or professional relationship with any person or entity that competes with Herbalife; or (2) any form of consulting or professional relationship regarding or relating to Herbalife with any person who profits or attempts to profit from Herbalife's failure or a diminution in the value of its common stock. Counsel shall exercise good faith and reasonable diligence in determining whether an Expert is a "High Risk Expert."

2.8.   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: Information that has not been made public and falls into one or more of the following categories:

        a.      confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party.

        b.      specific financial information at a level of detail beyond that disclosed in sources available to the public;

        c.      results of research, studies or other complex analyses that the parties expended money to develop or obtain and

that would be useful to current or potential competitors. This category includes, among other things, consumer research studies that the parties commissioned at considerable expense from third parties, complex market analyses provided by third parties under contracts with non-disclosure clauses, and analyses of other competitors in the market;

d.      terms of contracts with the companies' suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers;

e.      specific proprietary product formulas or proprietary manufacturing processes;

f.      product concepts in development that have not been launched into the market.

Care shall be taken by the producing party to use the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation only where the producing party has a good faith belief that such protection is needed.

2.9.   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.   <u>Party</u>: any party to this action, including all of its officers, directors, employees, and consultants.

2.11.   <u>Pershing Square Person</u>:  Pershing Square Capital Management and any present or former directors, officers, executives, partners, principals, trustees, employees, agents, attorneys, accountants, advisors and representatives, or any other person(s) known, believed, or suspected to be acting or purporting to act on its behalf, now or at any previous time since January 1, 2010, including but not limited to William Ackman and Sullivan & Cromwell LLP.

2.12.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material.

[PROPOSED] STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

2.13.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party because of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed the later of (1) dismissal of all claims and defenses in this action, with or

1   without prejudice; and (2) final judgment herein after the completion and

2   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3   including the time limits for filing any motions or applications for extension of time

4   pursuant to applicable law.

5   5.      DESIGNATING PROTECTED MATERIAL

6          5.1.   Exercise of Restraint and Care in Designating Material for Protection.

7   Each Party or Non- Party that designates information or items for protection under

8   this Order must take care to limit any such designation to specific material that

9   qualifies under the appropriate standards.  To the extent it is practical to do so, the

10  Designating Party must designate for protection only those parts of material,

11  documents, items, or oral or written communications that qualify – so that other

12  portions of the material, documents, items, or communications for which protection

13  is not warranted are not swept unjustifiably within the ambit of this Order.

14         Mass, indiscriminate, or routinized designations are prohibited.  Designations

15  that are shown to be unjustified or that have been made for an improper purpose

16  (e.g., to unnecessarily encumber or retard the case development process or to

17  impose unnecessary expenses and burdens on other parties) expose the Designating

18  Party to sanctions.

19         If it comes to a Designating Party's attention that information or items that it

20  designated for protection do not qualify for protection at all or do not qualify for the

21  level of protection initially asserted, that Designating Party must promptly notify all

22  other parties that it is withdrawing the mistaken designation.

23         5.2.   Manner and Timing of Designations.  Except as otherwise provided in

24  this Order (*see*, *e.g*., second paragraph of section 5.2 below), or as otherwise

25  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

26  under this Order must be clearly so designated before the material is disclosed or

27  produced.

28         Designation in conformity with this Order requires:

1    a)    for information in documentary form (e.g., paper, but excluding

2    transcripts of depositions or other pretrial or trial proceedings), that the Producing

3    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" to each page that contains protected material.  If

5    only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making

7    appropriate markings in the margins) and must specify, for each portion, the level

8    of protection being asserted.

9        A Party or Non-Party that makes original documents or materials available

10   for inspection need not designate them for protection until after the inspecting Party

11   has indicated which material it would like copied and produced.  During the

12   inspection and before the designation, all of the material made available for

13   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY."  After the inspecting Party has identified the documents it wants copied

15   and produced, the Producing Party must determine which documents, or portions

16   thereof, qualify for protection under this Order.  Then, before producing the

17   specified documents, the Producing Party must affix the appropriate legend

18   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19   ONLY") to each page that contains Protected Material.  If only a portion or portions

20   of the material on a page qualifies for protection, the Producing Party also must

21   clearly identify the protected portion(s) (e.g., by making appropriate markings in

22   the margins) and must specify, for each portion, the level of protection being

23   asserted.

24   b)    for testimony given in deposition or in other pretrial or trial

25   proceedings, that the Designating Party identify on the record, before the close of

26   the deposition, hearing, or other proceeding, all protected testimony and specify the

27   level of protection being asserted.  When it is impractical to identify separately each

28   portion of testimony that is entitled to protection and it appears that substantial

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Using a document as an exhibit at a deposition shall not affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers) designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

d)      for electronic documents produced in native format (e.g., .XLS files), designations shall be made in accordance with an agreed upon protocol governing production of electronically stored information.

5.3.    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made under this specific paragraph of the Order.  The

10

parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven days of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The Parties may proceed to the next stage of the challenge process only if the Challenging Party has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention by Joint Stipulation.  If the Parties cannot resolve a challenge, within fourteen days of the conference of counsel the Parties shall prepare and present to the Court a joint letter brief consistent with Local Civil Rule 37-2 (and in compliance with Local Rule 79-5, if applicable) that identifies the challenged material and sets forth the respective positions of the parties about the propriety of the challenged confidentiality designations.  The Designating Party is the "moving party" and the Challenging Party is the "opposing party."   The Designating Party has seven days from the conference of counsel to prepare their portion of the stipulation and the Challenging Party has seven days from the service, by e-mail, of the Designating Party's portion of the stipulation to prepare the Challenging Party's portion of the stipulation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  The failure of any party to comply with or cooperate in the foregoing procedures set forth in Section 6.2 and this Section 6.3 may result in the imposition of sanctions.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)    the Receiving Party's Counsel, and staff of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)    the Court and its personnel;

e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

1  litigation and who have signed the "Acknowledgment and Agreement to Be

2  Bound" (Exhibit A);

3       f)      during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Acknowledgment and Agreement

5  to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

6  ordered by the court.  Pages of transcribed deposition testimony or exhibits to

7  depositions that reveal Protected Material must be separately bound by the court

8  reporter and may not be disclosed to anyone except as permitted under this Order;

9       g)      the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information.

11       h)      Notwithstanding the foregoing provisions of this Section 7.2, no

12  discovery material designated as "CONFIDENTIAL" may be disclosed to any

13  Pershing Square Person at any time.  In the event that a party seeks to show

14  material designated as "CONFIDENTIAL" to an Expert who is a Pershing Square

15  Person, that party shall first provide a written notification to the Designating Party

16  as described in Section 7.4(a) below.  Within ten days after delivery of this

17  notification, the parties shall meet and confer in a good faith effort to resolve their

18  dispute.  If the parties are unable to settle their differences, the parties shall seek

19  judicial intervention pursuant to the procedures set forth in Section 6.3 of this

20  Agreement.  In such context, the party seeking to disclose materials shall be the

21  "moving party" and the Designating Party shall be the "opposing party."  The

22  burden of persuasion in any such proceeding shall be on the moving party to

23  demonstrate why it would be unduly prejudiced unless granted relief from this

24  provision.

25       7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted

27  in writing by the Designating Party, a Receiving Party may disclose any

28

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a) the Receiving Party's Counsel and staff of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) if the Expert is a High Risk Expert as to whom the procedure in paragraph 7.4, below, has been followed.

c) the court and its personnel;

d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

f) Notwithstanding the foregoing provisions of this Section 7.3, no discovery material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to any Pershing Square Person at any time. In the event that a party seeks to show material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert who is a Pershing Square Person, that party shall first provide a written notification to the Designating Party as described in Section 7.4(a) below. Within ten days after delivery of this notification, the parties shall meet and confer in a good faith effort to resolve their dispute. If the parties are unable to settle their differences, the parties shall seek

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

judicial intervention pursuant to the procedures set forth in Section 6.3 of this Agreement.  In such context, the party seeking to disclose materials shall be the "moving party" and the Designating Party shall be the "opposing party."  The burden of persuasion in any such proceeding shall be on the moving party to demonstrate why it would be unduly prejudiced unless granted relief from this provision.

7.4.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information or Items to High Risk Experts.

a)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a High Risk Expert (as defined above) any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written notification to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the High Risk Expert and the city and state of his or her primary residence, (3) attaches a copy of the High Risk Expert's current resume, (4) identifies the High Risk Expert's current employer(s), (5) identifies the reason(s) why the Expert is a High Risk Expert.

b)   A Party that makes a notification and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified High Risk Expert unless, within fourteen 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must detail the grounds on which it is based.

7.5.   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no

agreement is reached, the Party seeking to prohibit the disclosure to the High Risk Expert may file a joint motion as provided in Local Civil Rule 37 (and in compliance with Local Civil Rule 79-5, if applicable) to prohibit the disclosure. The Designating Party is the "moving party" and the party seeking disclosure is the "opposing party."  The moving party has seven days from the conference of counsel to prepare their portion of the stipulation and the opposing party has seven days from the service, by e-mail, of the moving party's portion of the stipulation to prepare the opposing party's portion of the stipulation. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the High Risk Expert creates a substantial risk of serious harm that could not be avoided by less restrictive means, assesses the risk of harm that the disclosure would entail, and suggests any additional means that could reduce that risk.  Any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions).

In any such proceeding, the Party opposing disclosure to the High Risk Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its High Risk Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

~~If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.~~

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

a)      This Order applies to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b)      If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2)      promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3)      make the information requested available for inspection by the Non-Party.

c)      If the Non-Party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

PROTECTED MATERIAL

If information is inadvertenly produced in discovery that is subject to a

claim of privilege or of protection as trial-preparation material, the party making the

claim may notify any party that received the information of the claim and the basis

for it.  After being notified, a party must promptly (within one day) return or

destroy the specified information and any copies it has and may not sequester, use

or disclose the information until the claim is resolved.  This includes a restriction

against presenting the information to the court for a determination of the claim.

This provision is intended to be fully consistent with Federal Rule of Evidence 502.

12.   MISCELLANEOUS

12.1.  Right to Further Relief.  Nothing in this Order abridges the right of any

person to seek its modification by the court in the future.

12.2.  Right to Assert Other Objections.  By stipulating to the entry of this

Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to use in evidence of

any of the material covered by this Order.

12.3.  Filing Protected Material.  Without written permission from the

Designating Party or a court order secured after appropriate notice to all interested

persons, a Party may not file in the public record in this action any Protected

Material.  A Party that seeks to file under seal any Protected Material must comply

with Local Rule 79-5 and the "Pilot Program – Instructions to Attorneys Procedures

for Filing Under Seal Documents."  Protected Material may only be filed under seal

under a court order authorizing the sealing of the specific Protected Material at

issue.  If a Receiving Party's request to file Protected Material under seal is denied

by the court, then the Receiving Party may file the Protected Material in the public

record, unless otherwise instructed by the court.

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

12.4.  <u>Use of Protected Material at Trial</u>: Unless the judicial officer who will preside at trial directs otherwise, Before the trial begins, the Parties shall meet and confer in good faith as part of the pre-trial conference statement process to discuss a procedure for identification of and use of Protected Material at trial. The Parties shall include in the pre-trial conference statement, for the Court's consideration, the agreed-upon procedure. If the Parties cannot agree on a procedure, the Designating Party may seek appropriate Court Orders concerning the handling at trial of Protected Material under applicable Court rules, including the Local Rules, Federal Rules of Evidence, and Federal Rules of Civil Procedure.

13.  <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS

1

2        **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

3

4    DATED:  April 23, 2014          BOIES, SCHILLER & FLEXNER LLP

5                                     /s/ Jonathan Sherman
                                     Jonathan Sherman

6                                    Attorneys for Defendants
                                     Herbalife International of America, Inc.,
7                                    Herbalife International, Inc. and Herbalife
                                     Ltd.
8

9

10   DATED:  April 23, 2014          FABIAN & CLENDENIN, P.C.

11

12                                    /s/ Philip D. Dracht
                                     Philip D. Dracht

13

14                                   Attorneys for Plaintiff
                                     Dana Bostick

15

16

17

18

19        **PURSUANT TO STIPULATION, IT IS SO ORDERED, as modified above.**

20

21   DATED:  _April 23, 2014

22

23

24   _____
                                     Hon. Ralph Zarefsky
25                                   UNITED STATES MAGISTRATE JUDGE

26

27

28

21

[PROPOSED] STIPULATED ORDER GOVERNING
THE DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS