UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK, a California Resident, ANITA VASKO, a Pennsylvania resident, JUDI TROTTER, a Washington resident, BEVERLY MOLNAR, a Pennsylvania Resident, CHESTER COTE, a Vermont resident, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation, HERBALIFE INTERNATIONAL, INC., a Nevada Corporation, HERBALIFE LTD., a Cayman Islands Corporation,<br><br>Defendants. | Case No.  13-cv-02488 BRO (RZx)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER**<br><br>Hon. Beverly Reid O'Connell<br><br>Complaint filed:    April 8, 2013 |

WHEREAS, Plaintiffs Dana Bostick, Anita Vasko, Judi Trotter, Beverly Molnar and Chester Cote, et al., ("Plaintiffs" or "Class Representatives") in this action entitled *Dana Bostick, et al. v. Herbalife International of America, Inc., et al.*, Case No. 13-cv-02488 BRO (RZx) (the "Action") and Herbalife International of America, Inc., Herbalife International, Inc., Herbalife Ltd. ("Defendants" or "Herbalife") have entered into a Stipulation of Settlement, filed October 31, 2014 (the "Stipulation"), after lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.    THE SETTLEMENT CLASSES ARE CERTIFIED**

1. The Court has subject matter and personal jurisdiction over the Class Plaintiffs, all members of the settlement classes provisionally certified below, and the Defendants.

2. Pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(2), the Court provisionally certifies, for settlement purposes only, a Rule 23(b)(2) Settlement Class, from which exclusions shall not be permitted, consisting of all persons who are or were Herbalife distributors or members in the United States at any time during the period from April 2009 until the Settlement Preliminary Approval Date, except that this Class does not include the named Defendants, their employees, family members, and any distributor or member who

is or has been a member of Herbalife's President's Team, Founder's Circle, Chairman's Club, Millionaire Team, or GET Team.

3. Pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court provisionally certifies, for settlement purposes only, a Rule 23(b)(3) Settlement Class, from which exclusions shall be permitted, consisting of all persons who are or were Herbalife distributors or members in the United States at any time during the period from April 2009 until the Settlement Preliminary Approval Date, except that this Class does not include the named Defendants, their employees, family members, and any distributor or member who is or has been a member of Herbalife's President's Team, Founder's Circle, Chairman's Club, Millionaire Team, or GET Team. Also excluded from the Rule 23(b)(3) class are all Herbalife members or distributors who have agreed to be subject to the arbitration provisions of the Arbitration Agreement for Disputes Between Members and Herbalife contained in the Member Application Agreement revised during or after September 2013.

4. With respect to the Rule 23(b)(2) Settlement Class, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

5. With respect to the Rule 23(b)(3) Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so

numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiffs in the Action as Class Representatives of the Rule 23(b)(2) Settlement Class and the Rule 23(b)(3) Settlement Class (collectively, the "Settlement Classes").

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Philip D. Dracht, Scott M. Petersen, and Jason W. Hardin of Fabian & Clendenin, P.C., and Thomas G. Foley, Jr. and Robert A. Curtis of Foley, Bezek, Behle & Curtis LLP as Class Counsel to represent the Settlement Classes.

## II. THE STIPULATION IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

8. The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

9. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation. Based on this preliminary evaluation, the Court finds that: (i) the Class Settlement Agreement is fair, reasonable, and adequate, and within the range necessary for preliminary approval; (ii) the Class Settlement Agreement appears to have been negotiated, as far as this Court can discern, in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the

forms of notice of the material terms of the Class Settlement Agreement to all class members for their consideration and reaction, that notice is appropriate and warranted.

10.     The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

11.     Pursuant to the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a settlement hearing (the "Final Approval Hearing") on [DATE], 2015, at [TIME], in the Courtroom of the Honorable Beverly R. O'Connell, United States District Court for the Central District of California, Courtroom 14, 312 North Spring Street, Los Angeles CA 90012 for the following purposes:

   a)     finally determining whether the Settlement Classes meet all applicable requirements of Federal Rules of Civil Procedure, Rule 23 and, thus, the Class claims should be certified for purposes of effectuating the Settlement; determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court;

   b)     considering the application of Class Counsel for an award of Attorneys' Fees and Expenses as provided for under the Stipulation;

   c)     considering the application of Plaintiffs and Other Plaintiffs for service awards to the class representatives as provided for under the Stipulation;

   d)     considering whether the Court should enter the Proposed Final Judgment and Order Approving Settlement;

   e)     considering whether the release by the Class Members of the Released Claims as set forth in the Stipulation should be provided; and

   f)     ruling upon such other matters as the Court may deem just and appropriate.

12.     The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

13. The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

14. Class Members must file and serve any objections to the proposed settlement no later than forty-nine (49) days prior to the Final Approval Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

15. Any application for an award of Attorneys' Fees and Expenses and/or Plaintiffs service awards must be filed with the Court and served at least sixty-three (63) days prior to the Final Approval Hearing.

### III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

16. The Court determines that notice should be provided to members of the Rule 23(b)(3) Settlement Class and Rule 23(b)(2) Settlement Class, but that exclusion rights should be afforded only to members of the Rule 23(b)(3) Settlement Class as to their participation in the Rule 23(b)(3) Settlement Class.

17. The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Publication Notice (collectively the "Class Notice"), which are exhibits 1 and 2, respectively, to the Stipulation.

18. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in paragraph [22] of this Order and the Stipulation meet the requirements of Federal Rules of Civil Procedure, Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

19. The Court approves the designation of KCC LLC to serve as the Court-appointed Claims Administrator for the Settlement. The Claims

1  Administrator shall disseminate Class Notice and supervise and carry out the
2  notice procedure, the processing of Claims, and other administrative functions, and
3  shall respond to Class Member inquiries, as set forth in the Stipulation and this
4  Order under the direction and supervision of the Court.

5      20.    The Court directs the Claims Administrator to establish a Settlement
6  Website, making available copies of this Order, Class Notice, Opt-Out Form, and
7  Claim Form that may be downloaded and submitted online or by mail, the
8  Stipulation and all Exhibits thereto, frequently asked questions, a toll-free hotline,
9  and such other information as may be of assistance to Class Members or required
10 under the Stipulation.  The Claim Form shall be made available to Class Members
11 through the Settlement Website and on the websites of Class Counsel, at their
12 options, no later than the Notice Date as defined below, and continuously
13 thereafter through the Claims Deadline.

14     21.    The Court directs Defendants to provide to the Claims Administrator
15 with distributor or member identification numbers, e-mail addresses, and mailing
16 addresses as may be required by the Claims Administrator for all Class Members,
17 to the extent that such information is reasonably available to Defendants in a form
18 that would be usable by the Claims Administrator.

19     22.    The Claims Administrator is ordered to substantially complete
20 dissemination of the Class Notice no later than sixty (60) days before the Final
21 Approval Hearing (the "Notice Date").

22     23.    The Court approves the proposed Notice Program for giving notice to
23 the Settlement Class directly (using e-mail and post cards), and through the
24 establishment of a settlement website (www.XXXXXX.com), as more fully
25 described in the Notice Program.  The Notice Program, in form, method, and
26 content, complies with the requirements of Rule 23 and due process, and
27 constitutes the best notice practicable under the circumstances.  The Court hereby
28

directs the Parties and the Claims Administrator to complete all aspects of the Notice Program no later than [28 Days after entry of this Order, 2014].

24. The Claims Administrator will file with the Court by no later than twenty-eight (28) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Stipulation and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

25. The costs of the Class Notice, processing of Claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Notice and Claim Administration Expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Stipulation.

**IV.  PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT**

26. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Classes.

27. The Court approves the Parties' proposed form of the Claim Form. Any Class Member who wishes to receive money from the Settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claims Administrator no later than sixty-three (63) days after the date of this Order ("Claims Deadline"). Such deadline may be further extended without notice to the Class by Court order.

28. The Claims Administrator shall have the authority to accept or reject Claims in accordance with the Stipulation, including the Claims Protocol.

29. The Claims Administrator shall an e-mail or letter explaining the rejection of the Claim, within fourteen (14) days from the close of the Claims Deadline.

30. The Claims Administrator shall disclose the amount of each claimant's Business Opportunity Claim Award and each claimant's Product Return Payment within ninety-one (91) days after this Order.

31. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

## V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE RULE 23(b)(3) SETTLEMENT CLASS

32. Any person falling within the definition of the Rule 23(b)(3) Settlement Class may, upon his or her request, be excluded from the Rule 23(b)(3) Settlement Class. Any such person must submit a completed Request for Exclusion to the Clerk of the Court postmarked or delivered no later than forty-nine (49) days before the Final Approval Hearing (the "Opt Out Date"), as set forth in the Class Notice. Requests for Exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void; no Settlement Class Member may exclude any other Settlement Class Member from the Settlement Class.

33. Any Member of the Rule 23(b)(3) Settlement Class who does not send a completed, signed Request for Exclusion to the Clerk of the Court postmarked or delivered on or before the Opt Out Date will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. The written Request for Exclusion must request exclusion from the Rule 23(b)(3) Settlement Class, must be personally signed by the potential Class Member and include a statement indicating that the person is a member of the Class. All persons who submit valid and timely Requests for Exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order Approving Settlement.

34. A list reflecting all Requests for Exclusions shall be filed with the Court by Defendants at or before the Final Approval Hearing.

35. No person falling within the definition of the Rule 23(b)(2) Settlement Class may be excluded from the Rule 23(b)(2) Settlement Class.

## VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

36. Any Class Member who desires to object either to the Settlement, the award of Attorneys' Fees and Expenses, or Plaintiffs service awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel identified below by hand or first-class mail a notice of the objection(s) and proof of membership in the Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than forty-nine (49) days prior to the Final Approval Hearing (the "Objection Date"). A Class Member may not both object and request exclusion. If a Class Member submits both a request for exclusion and an objection, the request for exclusion will be controlling and the objection will be deemed improperly made. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendants' counsel. Such papers must be sent to each of the following persons:

> Thomas G. Foley
> FOLEY BEZEK BEHLE & CURTIS, LLP
> 15 West Carrillo Street
> Santa Barbara, CA 93101
> Telephone: (805) 962-9495
> tfoley@foleybezek.com
>
> Scott M. Petersen
> FABIAN & CLENDENIN
> 215 South State Street, Suite 1200
> Salt Lake City, UT 84151-0210
> Telephone: (801) 531-8900
> spetersen@fabianlaw.com

Joseph F. Kroetsch
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8300
jkroetsch@bsfllp.com

Mark T. Drooks
BIRD MARELLA P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201:2100
mtd@birdmarella.com

37.     All objections must include: (a) a heading which refers to the Action, Dana Bostick, et al. v Herbalife International of America, Inc., et al., Case No. 13-cv-02488 BRO (RZx) (Central District, CA.); (b) the objector's name, address, telephone number and, if represented by counsel, of his/her counsel (the objector's actual residential address must be included); (c) a statement that the objector was an Herbalife distributor or member during the Class Period; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his/her counsel; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's dated, handwritten signature (an electronic signature or an attorney's signature are not sufficient).  Each person submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Final Approval Hearing.  No objection will be valid unless all of the information described above is included.  The Court will determine on a properly noticed motion, if necessary, whether any counsel may depose any objector to assess whether the objector has standing.

38.     All objections must be filed with the Clerk and served on the Parties' counsel as set forth in paragraph 36 above no later than the Objection Date.

Objections received after the Objection Date will not be considered at the Final Approval Hearing.

39. Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the Settlement, the application for an award of Attorneys' Fees and Expenses, or the application for Plaintiffs service awards, is required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Objection Date as set forth in the Class Notice by (i) filing a notice of intention to appear with the Court; (2) serve a copy upon Class Counsel and Counsel for the Defendants no later than the Objection deadline; and (iii) comply with all other requirements of the Court for such an appearance.  Class Members who do not oppose the Settlement, the application for an award of Attorneys' Fees and Expenses, or the application for Plaintiffs service awards need not take any action to indicate their approval.  A person's failure to submit a written objection in accordance with the Objection Date and the procedure set forth in the Class Notice waives any right the person may have to object to the Settlement, the award of Attorneys' Fees and Expenses, or Plaintiffs service awards, or to appeal or seek other review of the Final Judgment and Order Approving Settlement.

40. Any Settlement Class Member who fails to comply with Paragraphs 34-37 (and as detailed in the Notice) will not be permitted to object to the Class Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Class Settlement Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Class.

41. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum. Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Class Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Class Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a request for exclusion pursuant to Paragraphs 32 and 33 of the Order.

42. If the Class Action Settlement is not approved or consummated for any reason whatsoever, the Class Action Settlement and all proceedings in connection with the Class Action Settlement will be without prejudice to the right of Defendants or the Class Representatives to assert any right or position that could have been asserted if the Class Settlement Agreement had never been reached or proposed to the Court, except insofar as the Class Settlement Agreement expressly provides to the contrary. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

43. Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Class Settlement that are not materially inconsistent with this Order or the Stipulation, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the

right to approve the Class Settlement Agreement with such modifications, if any, as may be agreed to by the parties without further notice to the members of the Settlement Class.

44.   Schedule of Future Events. Accordingly, the following are the deadlines by which certain events must occur unless otherwise ordered:

| | |
|---|---|
| 10 Business Days After this Order | Herbalife shall deposit $15,000,000.00 into an escrow account established by the Claims Administrator |
| 28 Days after this Order | Deadline to provide Settlement Class Notice |
| 63 Days after this Order | Deadline for Settlement Class Members to Submit a Claim Form |
| 91 Days after this Order | Deadline for Claims Administrator to disclose amount of each claimant's Business Opportunity Claim Award and/or Product Return Payment. |
| 98 Days after this Order | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| 112 Days after this Order | Deadline for Settlement Class Members to file Objections or submit Requests for Exclusion |
| 133 Days after this Order | Deadline for Parties to File the following:<br><br>(1) List of Settlement Class Members who Made Timely and Proper Requests for Exclusion;<br><br>(2) Proof of Settlement Class Notice and CAFA Notice; and<br><br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| 161 Days after this | Final Approval Hearing in Courtroom |

| Order | |
|---|---|

**IT IS SO ORDERED.**

Dated:_____, 2014

_____
Hon. Beverly Reid O'Connell
United States District Court Judge