A. Howard Matz, SBN 55892
  ahm@birdmarella.com
Mitchell A. Kamin, SBN 202788
  mak@birdmarella.com
Mark T. Drooks, SBN 123561
  mtd@birdmarella.com
Gopi K. Panchapakesan, SBN 279586
  gkp@birdmarella.com
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendants Herbalife
International of America, Inc.; Herbalife
International. Inc.: and Herbalife. Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANA BOSTICK, *et al.*, | CASE NO. 2:13-cv-02488-BRO-RZ |
| Plaintiffs, | **AMENDMENT TO STIPULATION OF SETTLEMENT** |
| vs. | *[Filed concurrently with [Proposed] Order Granting Amendment]* |
| HERBALIFE INTERNATIONAL OF AMERICA, INC., *et al.*, | |
| Defendants. | Assigned to Hon. Beverly Reid O'Connell |

3143403.2

This Amendment to Stipulation of Settlement ("Amendment"), dated March 6, 2015, is made by and among the following Settlement Parties: on the one hand, Plaintiffs Dana Bostick, Anita Vasko, Judy Trotter, Beverly Molnar, and Chester Cote on behalf of themselves, and on behalf of each of the Settlement Class Members (as defined in the Stipulation of Settlement ("Settlement Agreement") dated as of October 31, 2014), by and through Plaintiffs' Counsel; and on the other, Defendants Herbalife International of America, Inc., Herbalife International , Inc., and Herbalife Ltd. (collectively, "Herbalife"), by and through their counsel. This Amendment is entered into pursuant to Paragraph 12.7 of the Settlement Agreement, for the purpose of clarifying and, as necessary, amending, the terms of the Settlement Agreement.

WHEREAS:

1. Plaintiffs and Herbalife (the "Parties") entered into the Settlement Agreement as of October 31, 2014.

2. The Court issued an Order dated December 2, 2014 ("Order"), granting the Parties' Joint Motion for Preliminary Approval of Settlement (Dkt. 105).

3. The Parties have proceeded to implement the terms of the Court's Order to give notice to class members and process claims pursuant to the Settlement Agreement.

4. The Parties now desire to make clear that the terms of the Settlement Agreement do not purport to limit the authority of any governmental agency in connection with matters relating to the claims asserted in this Action.

5. The Parties now desire to change the date for shipment of return product to Herbalife until after the Court's decision on final approval of the settlement and entry of final judgment.

6. The Parties agree that pursuant to paragraph 13 of the Order, notice to class members of the amendments stipulated to by the parties herein is not required because the Class is not prejudiced. To the extent the amendments alter the rights of class members at all, the amendments only expand such rights by narrowing the scope of the release contained in the Settlement Agreement.

THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:

1. Paragraph 8.1 of the Settlement Agreement shall be amended to read as follows:

8.1 As of the Effective Date and in consideration of this Settlement Agreement and the benefits extended to the Class, Herbalife International of America, Inc.; Herbalife International, Inc.; and Herbalife Ltd. (collectively, "Herbalife") and each of their present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Released Parties") shall be released and forever discharged by the Class Representatives, for themselves and as the representatives of each Settlement Class Member; each Settlement Class Member on behalf of himself or herself; and their respective present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Releasing Parties") from all claims, demands, rights, liabilities, suits, or causes of action, known or unknown, as of the Effective Date that (1) were or could have been asserted in the complaints filed in this Action against Herbalife, or (2) are based upon, arise out of, or reasonably relate to: (i) the purchase or sale or offer of sale of any Herbalife product, including the IBP and Mini-IBP, during the Class Period; (ii) any packaging and handling or shipping charges paid in connection with purchase or sale or offer of sale of any Herbalife product during the Class Period; (iii) the Herbalife Membership Application and Agreement, including any materials attached

thereto and/or referenced therein, including the Statement of Average Gross Compensation; (iv) any actual, potential, or attempted recruitment of any Herbalife member or distributor during the Class Period; (v) any allegation that, during the Class Period, Herbalife engaged in any acts of unfair competition; false and/or misleading advertising; or operated any type of illegal, pyramid, endless chain, or fraudulent scheme; and (vi) any of the facts, schemes, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions, or failures to act that have been or could have been alleged or asserted in the Action (collectively, the "Released Claims"); provided, however, that the Released Claims do not include claims arising out of (1) the purchase or sale of Herbalife's common stock, publicly traded on the New York Stock Exchange under the ticker symbol, "HLF"; (2) the calculation of bonuses or payments for the sale of Herbalife products owed by Herbalife to any Settlement Class Member, to the extent such bonuses or payments are not related to any Qualified Products; or (3) any allegation that an Herbalife product was defective.

2.    The following Paragraphs 8.5 and 8.6 shall be added to the Settlement Agreement:

8.5    Notwithstanding any other term of this Settlement Agreement, the Released Claims shall not be deemed to include any claims asserted against any of the Released Parties by any federal, state, or local governmental agency or similar authority, arising out of any statutes, rules, regulations or ordinances over which such entity has jurisdiction, provided that such claims shall not result in or allow a double recovery for any Class Member.  This Settlement Agreement shall not be deemed to limit or diminish Herbalife's prospective obligations to comply with applicable consumer protection laws or laws concerning the obligations of multi-level marketing companies, including, without limitation, applicable laws

mandating certain levels of buybacks and refunds of products, services, and other consideration.  This Settlement Agreement shall not be deemed to limit the right of any Class Member to provide information, file complaints or cooperate with any federal, state, or local governmental agency in connection with any matter relating to the Released Claims, nor does it purport to limit the jurisdiction or authority of any governmental agency to consider or investigate such claims.

8.6   Notwithstanding any other term of this Settlement Agreement, the Released Claims shall not include any individual claims for monetary relief that could be asserted in arbitration by any Settlement Class Member who is excluded from the Rule 23(b)(3) class pursuant to Paragraph 1.13.2 and who has agreed to be subject to the arbitration provisions of the Arbitration Agreement for Disputes Between Members and Herbalife contained in the Member Application Agreement revised during or after September 2013.

3. Paragraph 4.3.2 shall be amended to read as follows:

4.3.2   Following the deadline for submitting claim forms, the Claims Administrator's website shall provide Product Return Claimants with notice of the amount of the proposed payment (the "Return Payment").  If the total Return Payment exceeds the Net Product Return Fund, the Return Payment for each Product Return Claimant shall be subject to pro rata diminution.  Beginning within thirty (30) business days of entry of a Final Judgment pursuant to Paragraph 6.3 below, and the exhaustion of all appeals therefrom, the Claims Administrator shall give notice by online posting to all eligible Product Return Claimants that, beginning as of the date of notice and continuing for sixty (60) days thereafter, Product Return Claimants shall be permitted to return the products identified in their claim forms in exchange for a Return Payment.

1  IN WITNESS WHEREOF, each of the Parties to the Settlement Agreement has
2 caused the Amendment to be executed on its behalf by its duly authorized counsel of
3 record, all as of the day set forth below.

4 DATED:  March 6, 2015                A. Howard Matz
                                       Mitchell A. Kamin
5                                      Mark T. Drooks
                                       Gopi K. Panchapakesan
6                                      Bird, Marella, Boxer, Wolpert, Nessim,
7                                      Drooks, Lincenberg & Rhow, P.C.

8

9                                      By:      */s/ Mark. T. Drooks*
                                                   Mark T. Drooks
10                                     Attorneys for Defendants Herbalife
                                       International of America, Inc.; Herbalife
11                                     International, Inc.; and Herbalife, Ltd.
12

13 DATED:  March 6, 2015                Jonathan D. Schiller
                                       Joseph F. Kroetsch
14                                     David L. Zifkin
15                                     Boies, Schiller & Flexner LLP

16

17                                     By:      */s/ Jonathan D. Schiller*
                                                   Jonathan D. Schiller
18                                     Attorneys for Attorneys for Defendants
                                       Herbalife International of America, Inc.;
19                                     Herbalife International, Inc.; and Herbalife,
20                                     Ltd.

21

22 DATED:  March 6, 2015                Thomas G. Foley, Jr.
                                       Justin P. Karczag
23                                     Foley Bezek Behle & Curtis, LLP

24

25                                     By:      */s/ Thomas G. Foley, Jr.*
                                                   Thomas G. Foley, Jr.
26                                     Attorneys for Plaintiffs Dana Bostick, Anita
                                       Vasko, Judi Trotter, Beverly Molnar, and
27                                     Chester Cote

28

| | |
|---|---|
| DATED: March 6, 2015 | Scott M. Petersen<br>Jason W. Hardin<br>Philip D. Dracht<br>Fabian & Clendenin<br><br>By: _____*/s/ Scott M. Petersen*_____<br>       Scott M. Petersen<br>Attorneys for Plaintiffs Dana Bostick, Anita Vasko, Judi Trotter, Beverly Molnar, and Chester Cote |

1 **L.R. 5-4.3.4(2)(i) Attestation**

2 Pursuant to Local Rule 5-4.3.4(2)(i), I hereby attest that all other signatories listed,
3 and on whose behalf this filing is submitted, concur in the filing's content and have
4 authorized the filing.

6 DATED:  March 6, 2015

By:   */s/ Mark. T. Drooks*
          Mark T. Drooks