JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, California 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Attorneys for *Amicus Curiae*
National Consumer League

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>HERBALIFE INTERNATIONAL OF AMERICA, INC., et al.,<br><br>           Defendants. | Case No. 2:13-cv-02488-BRO-SHC<br><br>**MOTION OF NATIONAL CONSUMERS LEAGUE INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT**<br><br>Date:    May 11, 2015<br>Time:   1:30 p.m.<br>Place:   Courtroom 14<br>Judge:  Hon. Beverly Reid O'Connell |

The National Consumers League Inc. ("NCL") respectfully requests leave of the Court to file the attached amicus curiae brief in the above-captioned case in opposition to the proposed settlement. NCL is a 501(c)(3) nonprofit organization representing consumers and workers on marketplace and workplace issues since our founding in 1899. Headquartered in Washington, DC, today NCL provides government, businesses, and other organizations with the consumer's perspective on concerns including child labor, privacy, food safety, and medication information.[1]

---

[1] Neither party nor their counsel played any part in the drafting of this brief or contributed in any
(continued on next page)

1

NCL has long had an interest in advocating on behalf of consumers affected by pyramid schemes, particularly those that may be disguised as multi-level marketing businesses.[2] In addition, NCL was the first consumer organization to call on the Federal Trade Commission to investigate allegations that Herbalife is in fact a sophisticated pyramid scheme.[3]

With respect to the instant case, NCL is filing this motion and brief because the proposed settlement is fundamentally unfair to the class members. As a consumer advocacy organization working to promote social and economic justice for consumers and workers in the United States and abroad, NCL has an important interest and a valuable perspective on the issues presented in this case, and thus should be granted *amicus curiae* status. *See, e.g., Safari Club Int'l v. Harris,* 2015 U.S. Dist. LEXIS 4467, at *2-3 (E.D. Cal. Jan. 13, 2015) (granting motion for leave to file an amicus brief and stating "'[d]istrict courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'…'Even when a party is very well represented, an amicus may provide important assistance to the court.'"); *Jamul Action Committee, et al. v. Stevens, et al.,* 2014 U.S. Dist. LEXIS 107582 (E.D. Cal. Aug. 4, 2014) (granting motion for leave to file an amicus brief); *State of Missouri, et al. v. Harris,* 2014 U.S. Dist. LEXIS 89716 (E.D. Cal. June 30, 2014) (granting motions for leave for file amicus briefs); *Thalheimer, et al. v. City of San Diego, et al.,* No. 09-cv-2862 (S.D. Cal. Jan. 19, 2010) (orders allowing two non-profit organizations to enter case as *amicus curiae*). *See also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, et al.,* 293 F.3d 128, 132

---

(footnote continued from previous page)
other way.

[2] *See* e.g. "More bad economic news: Recession putting consumers at increased risk of being duped by pyramid schemes," National Consumers League press release. February 26, 2009. Online: http://www.nclnet.org/more_bad_economic_news_recession_putting_consumers_at_increased_risk_of_being_duped_by_pyramid_schemes

[3] "National Consumers League calls on FTC to investigate allegations against Herbalife," National Consumers League press release. March 12, 2013. Online: http://www.nclnet.org/national_consumers_league_calls_on_ftc_to_investigate_allegations_against_herbalife

2

MOTION OF NATIONAL CONSUMERS LEAGUE INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT

(3d Cir. 2002) (Alito, J.) ("Even when a party is very well represented, an amicus may provide important assistance to the court. . . . Some friends of the court are entities with particular expertise not possessed by any party to the case. . ."); *Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) ("An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); Managing Class Action Litigation: A Pocket Guide for Judges, 3d ed., Federal Judicial Ctr. 2010, at 17 ("Institutional 'public interest' objectors may bring a different perspective . . . Generally, government bodies such as the FTC and state attorneys general, as well as nonprofit entities, have the class-oriented goal of ensuring that class members receive fair, reasonable, and adequate compensation for any injuries suffered.  They tend to pursue that objective by policing abuses in class action litigation.  Consider allowing such entities to participate actively in the fairness hearing.").[4]

In addition, now that the parties to this lawsuit have reached an agreement, they no longer have an adversarial relationship, and thus this Court can look only to objectors to illuminate any potential issues with the settlement. *See In re HP Inkjet Printer Litig.,* 2011 U.S. Dist. LEXIS 65199, at *2-3 (N.D. Cal. June 20, 2011) ("Objectors can play a valuable role in providing the court with information and perspective with respect to the fairness, adequacy, and reasonableness of a class action settlement."); *In re Leapfrog Enterprises, Inc. Securities Litig.,* 2008 U.S. Dist. LEXIS 97232, at *7 (N.D. Cal. Nov. 21, 2008) (same); *see also Pearson, et al. v. NBTY, Inc., et al.,* 772 F.3d 778, 787 (7th Cir. 2014) ("[O]bjectors play an essential role in judicial review of proposed settlements of class actions . . .")

The attached *amicus* brief explains in detail why NCL opposes the proposed settlement.  In short, the brief explains that the terms are unfair because the proposed injunctive relief does not require Herbalife to make any substantive changes to its marketing or business structure, but rather

---

[4] Neither party nor their counsel played any part in the drafting of this Motion or contributed in any other way.

3

MOTION OF NATIONAL CONSUMERS LEAGUE INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT

1  allows the company to continue deceptively promoting and operating its illegal pyramid scheme.  In
2  addition, the proposed monetary relief unfairly treats two otherwise similarly situated groups of class
3  members differently, leaving the vast majority of class members with inadequate compensation.
4  And while the class members are left without fair and adequate compensation, class counsel will
5  pocket $5.25 million with leftovers going to a *cy pres* award.
6         For these reasons, NCL moves for leave to appear as *amicus curiae* and submit the attached
7  brief in opposition to the proposed settlement.

DATED:   March 24, 2015

Respectfully submitted,

THE STURDEVANT LAW FIRM
A Professional Corporation

By:  /s/  *James C. Sturdevant*
         JAMES C. STURDEVANT

Attorneys for Plaintiffs

4

MOTION OF NATIONAL CONSUMERS LEAGUE INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 24th day of March, 2015, and is available for viewing and downloading to the ECF registered counsel of record:

*Via Electronic Service/ECF*:

Aaron Lee Arndt
Robert Allen Curtis
Thomas Foley
Foley Bezek Behle and Curtis LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Aarndt@foleybezek.com
Rcurtis@foleybezek.com
Tfoley@foleybezek.com

Justin P. Karczag
Kevin D. Gamarnik
Foley Bezek Behle and Curtis LLP
575 Anton Boulevard Suite 710
Costa Mesa, CA 92626
Jkarczag@foleybezek.com
Kgarmarnik@foleybezek.com

Philip D. Dracht
Jason W. Hardin
Scott M. Petersen
Fabian and Clendenin APC
215 South State Street Suite 1200
Salt Lake City, UT 84111
Pdracht@fabianlaw.com
Jhardin@fabianlaw.com
Spetersen@fabianlaw.com

Joseph K. Kroetsch
William S. Ohlemeyer
Boies Schiller and Flexner LLP
333 Main Street
Armonk, NY 10504
Jkroetsch@bsfllp.com
Wohlemeyer@bsfllp.com

A. Howard Matz
Gopi K. Panchapakesan
Mark T. Drooks
Mitchell A. Kamin
Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow
1875 Century Park East 23rd Floor
Los Angeles, CA 90067
Ahm@birdmarella.com
Gkp@birdmarella.com
Mtd@birdmarella.com
Mak@birdmarella.com

David L. Zifkin
Boies Schiller and Flexner LLP
401 Wilshire Boulevard Suite 850
Santa Monica, CA 90401
Dzifkin@bsfllp.com

Jonathan David Schiller
Boies Schiller and Flexner LLP
575 Lexington Avenue 7th Floor
New York, NY 10022
Jschiller@bsfllp.com

Jonathan Sherman
Boies Schiller and Flexner LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Jsherman@bsfllp.com

5

MOTION OF NATIONAL CONSUMERS LEAGUE INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT

DATED: March 24, 2015              THE STURDEVANT LAW FIRM

                                   By:   /s/ James C. Sturdevant
                                         JAMES C. STURDEVANT

                                   Attorneys for *Amicus Curiae*
                                   NATIONAL CONSUMER LEAGUE

6

MOTION OF NATIONAL CONSUMERS LEAGUE INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT