JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, California  94104
Telephone:     (415) 477-2410
Facsimile:      (415) 477-2420


Attorneys for *Amicus Curiae*
National Consumer League

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA BOSTICK, et al., | Case No. 2:13-cv-02488-BRO-SHC |
| Plaintiffs, | **BRIEF OF *AMICUS CURIAE* NATIONAL CONSUMERS LEAGUE INC. IN OPPOSITION TO PROPOSED SETTLMENT** |
| v. | |
| HERBALIFE INTERNATIONAL OF AMERICA, INC., et al., | Date:      May 11, 2015 |
| | Time:      1:30 p.m. |
| Defendants. | Place:      Courtroom 14 |
| | Judge:     Hon. Beverly Reid O'Connell |

### INTRODUCTION

The National Consumers League, Inc. ("NCL") opposes this settlement for the reasons described below.  In summary, the very limited remedies for the harms this case seeks to address appear woefully inadequate when put into the larger context of the allegations against Herbalife made by Plaintiffs.

### INTEREST OF AMICUS CURIAE

The National Consumers League Inc. is a 501(c)(3) nonprofit organization representing consumers and workers on marketplace and workplace issues since our founding in 1899.

1

1   Headquartered in Washington, DC, today NCL provides government, businesses, and other

2   organizations with the consumer's perspective on concerns including child labor, privacy, food

3   safety, and medication information.[1]   NCL has long had an interest in advocating on behalf of

4   consumers affected by pyramid schemes, particularly those that may be disguised as multi-level

5   marketing businesses.[2] In addition, NCL was the first consumer organization to call on the Federal

6   Trade Commission to investigate allegations that Herbalife is in fact a sophisticated pyramid

7   scheme.[3]

8                                          **ARGUMENT**

9          This settlement, as proposed, provides little in the way of meaningful relief to the

10   approximately 1.55 million Class members.  The proposed injunctive relief (which is temporary in

11   nature) requires Herbalife to make no significant changes to the potentially deceptive business

12   practices identified in the complaint. Indeed, the company has largely already implemented the

13   business changes envisioned.  In fact, many of the changes proposed by this settlement were already

14   in place before Plaintiffs' complaint was even filed.  Significant changes to Herbalife's business

15   model that *would* address Plaintiffs' complaint – such as ending the practice of allowing distributors

16   to maintain an infinite number of levels in their "downlines" – are not contemplated in the proposed

17   injunctive relief.

18          Regarding the monetary relief proposed by the settlement, the National Consumers League

19   (NCL) shares the concerns raised by *amicus curiae* Truth in Advertising, Inc. (TINA.org) with

20   regards to the arbitrary way that similarly situated groups of class members receive relief. In

21

22   [1]  Neither party nor their counsel played any part in the drafting of this brief or contributed in any
      other way.

23   [2]  *See* e.g. "More bad economic news: Recession putting consumers at increased risk of being
      duped by pyramid schemes," National Consumers League press release. February 26, 2009. Online:
24   http://www.nclnet.org/more_bad_economic_news_recession_putting_consumers_at_increased_risk_
25   of_being_duped_by_pyramid_schemes

      [3]  "National Consumers League calls on FTC to investigate allegations against Herbalife," National
26   Consumers League press release. March 12, 2013.  Online:
      http://www.nclnet.org/national_consumers_league_calls_on_ftc_to_investigate_allegations_against_
27   herbalife

28

BRIEF OF AMICUS CURIAE NATIONAL CONSUMERS LEAGUE INC. IN OPPOSITION TO PROPOSED SETTLEMENT

1    addition, we are concerned that the proposed *cy pres* award does not meet the "next best use" test.

2    The proposed *cy pres* award recipient, Consumer Federation of America (CFA), has explicitly stated

3    that the organization has no knowledge of the allegations or claims that are at the heart of this

4    lawsuit, making them – by definition – a poor choice for *cy pres* here.[4]  The term "*cy pres*" means

5    "next best use" and *cy pres* distributions are reserved for those charitable organizations whose work

6    is *closely related* to the cause of action in the case; *Nachsin v. AOL,* No. 10-55129 D.C. No. 2:09-cv-

7    03568-CAS-PLA at 20294  (9th Cir. 2011) ("When selection of cy pres beneficiaries is not tethered

8    to the nature of the lawsuit and the interests of the silent class members, the selection process may

9    answer to the whims and self-interests of the parties, their counsel, or the court.").  In addition, CFA

10   has little history of engaging in consumer education initiatives focused specifically on consumers

11   affected by pyramid schemes.  The organization is indeed engaged in other important work, but is an

12   inappropriate and poor choice for *cy pres* in this case.

13          In return for the insubstantial and temporary changes to its business model and little in the

14   way of monetary relief, this settlement frees Herbalife from a significant civil liability burden

15   *permanently*.  In addition, we are concerned that the Court's approval of this settlement will quickly

16   be submitted by Herbalife to federal and state law enforcement agencies engaged in ongoing

17   investigations of the company's business practices (*e.g.* Federal Trade Commission, state attorneys

18   general) as evidence that it is not engaging in unfair or deceptive business practices.

19          For these reasons, NCL, a national consumer and worker advocacy organization presenting

20   consumers and workers on marketplace and workplace issues since our founding in 1899, opposes

21   the proposed settlement, and respectfully urges the Court to reject it.

22   / / /

23   / / /

24   _____

25   [4]  "Declaration of Stephen Brobeck," Consumer Federation of America. December 1, 2014. ("I
     have not reviewed the allegations in the Complaint and I have no opinion or position concerning the
     merits of the parties' respective positions. I have not been advised of the terms of the proposed
26   settlement of this action and I am not expressing any opinion concerning the fairness or adequacy of
     the settlement.") Online: https://www.truthinadvertising.org/wp-content/uploads/2015/02/Bostick-v.-
27   Herbalife-dec-of-Consumer-Federation-of-America.pdf

28

BRIEF OF AMICUS CURIAE NATIONAL CONSUMERS LEAGUE INC. IN OPPOSITION TO PROPOSED SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:   March 24, 2015

Respectfully submitted,

THE STURDEVANT LAW FIRM
A Professional Corporation


By:  /s/   *James C. Sturdevant*
          JAMES C. STURDEVANT

Attorneys for Plaintiffs

4

1

<u>CERTIFICATE OF SERVICE</u>

2

3        The undersigned hereby certifies that this document has been filed electronically on this 24th

4    day of March, 2015, and is available for viewing and downloading to the ECF registered counsel of

5    record:

6

7    *Via Electronic Service/ECF*:

8    Aaron Lee Arndt
     Robert Allen Curtis
9    Thomas Foley
     Foley Bezek Behle and Curtis LLP
10   15 West Carrillo Street
     Santa Barbara, CA 93101
11   Aarndt@foleybezek.com
     Rcurtis@foleybezek.com
12   Tfoley@foleybezek.com

13   Justin P. Karczag
     Kevin D. Gamarnik
14   Foley Bezek Behle and Curtis LLP
     575 Anton Boulevard Suite 710
15   Costa Mesa, CA 92626
     Jkarczag@foleybezek.com
16   Kgarmarnik@foleybezek.com

17   Philip D. Dracht
     Jason W. Hardin
18   Scott M. Petersen
     Fabian and Clendenin APC
19   215 South State Street Suite 1200
     Salt Lake City, UT 84111
20   Pdracht@fabianlaw.com
     Jhardin@fabianlaw.com
21   Spetersen@fabianlaw.com

22   Joseph K. Kroetsch
     William S. Ohlemeyer
23   Boies Schiller and Flexner LLP
     333 Main Street
24   Armonk, NY 10504
     Jkroetsch@bsfllp.com
25   Wohlemeyer@bsfllp.com

26

27

28

A. Howard Matz
Gopi K. Panchapakesan
Mark T. Drooks
Mitchell A. Kamin
Bird Marella Boxer Wolpert Nessim Drooks
Lincenberg & Rhow
1875 Century Park East 23rd Floor
Los Angeles, CA 90067
Ahm@birdmarella.com
Gkp@birdmarella.com
Mtd@birdmarella.com
Mak@birdmarella.com

David L. Zifkin
Boies Schiller and Flexner LLP
401 Wilshire Boulevard Suite 850
Santa Monica, CA 90401
Dzifkin@bsfllp.com

Jonathan David Schiller
Boies Schiller and Flexner LLP
575 Lexington Avenue 7th Floor
New York, NY 10022
Jschiller@bsfllp.com
Jonathan Sherman
Boies Schiller and Flexner LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Jsherman@bsfllp.com

5

BRIEF OF AMICUS CURIAE NATIONAL CONSUMERS LEAGUE INC. IN OPPOSITION TO PROPOSED SETTLEMENT

1

2   DATED: March 24, 2015                    THE STURDEVANT LAW FIRM

3                                    By:    */s/ James C. Sturdevant*
                                           JAMES C. STURDEVANT
4
                                           Attorneys for *Amicus Curiae*
5                                          NATIONAL CONSUMER LEAGUE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRIEF OF AMICUS CURIAE NATIONAL CONSUMERS LEAGUE INC. IN OPPOSITION TO PROPOSED SETTLEMENT