Philip D. Dracht (SBN 219044)
 pdracht@fabianlaw.com
Scott M. Petersen (*pro hac vice*)
 spetersen@fabianlaw.com
Jason W. Hardin (*pro hac vice*)
 jhardin@fabianlaw.com
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84151-0210
Telephone: (801) 531-8900

Thomas G. Foley, Jr., SBN 65812
 tfoley@foleybezek.com
Justin P, Karczag, SBN 223764
 jkarczag@foleybezek.com
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495

Attorneys for Plaintiffs Dana Bostick, Anita Vasko,
Judi Trotter, Beverly Molnar, and Chester Cote

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DANA BOSTICK, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HERBALIFE INTERNATIONAL OF AMERICA, INC., *et al.*,<br><br>Defendants. | CASE NO. 2:13-cv-02488-BRO-RZ<br><br>**SUPPLEMENTAL DECLARATION OF THOMAS G. FOLEY, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |

I, Thomas G. Foley, Jr. hereby declare as follows:

1. I am a member in good standing of the bar of this Court, an active member of the State Bar of California, a partner in the law firm of Foley Bezek Behle & Curtis LLP ("FBBC"), and one of the attorneys of record for the Plaintiffs in the above-captioned action.

2. I respectfully submit this declaration in support of Plaintiffs' motion for an award of attorneys' fees and expenses out of the proceeds of the settlement achieved in this class action brought against Defendants Herbalife, LTD, Herbalife International of America, Inc., and Herbalife International, Inc. (collectively, "Herbalife").

3. By its Order dated December 2, 2014, the Court appointed Your Declarant, Thomas G. Foley, Jr. of Foley Bezek Behle & Curtis LLP, and Scott Petersen, Jason Hardin and Philip Dracht of Fabian & Clendenin as interim Plaintiffs' Class Counsel. I have acted as co-lead Counsel for Plaintiffs and have personally supervised and directed every aspect of the prosecution and resolution of this litigation on behalf of Plaintiffs and the Class.

4. In the Court's Civil Minutes, Dkt. No. 145, the Court declined to award reimbursement for two categories of expenses submitted in connection with Plaintiffs' Motion for Attorneys' Fees: "miscellaneous" expenses and "travel/meals."

5. I have directed my staff to segregate out any expenses associated with meals or drinks from travel costs, which deleted amount is $3,798.69. Eliminating these meal or drink expenses, FBBC has incurred $9,790.47 in travel costs, which include transportation, air, and hotels, including hotel and airfare for the Class representatives to travel to California for their depositions.

6. In connection with our review of expenses subsequent to the filing of our original schedule of costs, it was brought to my attention that FBBC owed the expert, Economists, Inc., an additional $2,956.97 that was not requested as part of FBBC's original costs for which reimbursement was requested.

7. Since the filing of Plaintiffs' Motion for Attorneys' Fees and Expenses, my firm has incurred additional costs for research, copies, postage, attorney service, and delivery. Those additional costs for the months of April and May, 2015, include:

|  | April 2015 | May 2015 |
|---|---|---|
| Computerized legal research-Lexis Nexis: | $116.58 | $158.77 |
| In-house copies: | $99.45 | $183.26 |
| Postage | $0.49 |  |
| Travel expenses |  | $769.79 |
| Expert witness/consultant-Economists, Inc. |  | $2,956.97 |
| Attorney Service | $120.50 |  |
| Delivery expense | $29.29 | $17.86 |
| Total increased costs: | $366.31 | $4,097.95 |

8. I have attached as Exhibit A an amended schedule of costs, which deletes all meals ($3,798.69), includes an additional $2,956.97 to be paid to Economists, Inc., and additional costs incurred subsequent to the filing of the original cost schedule on March 10, 2015.

9. FBBC requests reimbursement of $109,466.21 in expenses that it incurred, which excludes meals totaling $3,798.69. The expenses requested are reflected on the business records of FBBC. The expenses noted are, in my opinion, reasonable and were incurred for items necessary to the prosecution of the litigation. The expenses were incurred largely in conjunction with discovery, the services of an expert consultant in forensic economics, mediation and related travel. Additionally, because the expenses were incurred for the benefit of the Class and are of a type generally reimbursed in the marketplace, they should be reimbursed from the common fund prior to the payment of attorneys' fees, in the same manner as an individual client would reimburse Counsels' expenses.

/ / /

/ / /

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed May 27, 2015, at Santa Barbara, California.

  _/s/Thomas G. Foley, Jr._
  Thomas G. Foley, Jr.