Philip D. Dracht (SBN 219044)
 pdracht@fabianlaw.com
Scott M. Petersen (*pro hac vice*)
 spetersen@fabianlaw.com
Jason W. Hardin (*pro hac vice*)
 jhardin@fabianlaw.com
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84151-0210
Telephone: (801) 531-8900

Thomas G. Foley, Jr., SBN 65812
 tfoley@foleybezek.com
Justin P. Karczag, SBN 223764
 jkarczag@foleybezek.com
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495

Attorneys for Plaintiffs Dana Bostick, Anita Vasko,
Judi Trotter, Beverly Molnar, and Chester Cote

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANA BOSTICK, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HERBALIFE INTERNATIONAL OF AMERICA, INC., *et al.*, <br><br> Defendants. | CASE NO. CV 13-02488 BRO (RZx) <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came on for hearing on May 11, 2015. The Court has considered the Stipulation of Settlement, as amended, and all oral and written objections, briefs, and comments received regarding the proposed Settlement, and has reviewed the entire record. The Court has: (1) previously granted preliminary approval of the Stipulation of Settlement; (2) been informed by the Settlement Administrator that notice of the Settlement has been given to the Settlement Class (as defined below); (3) held a final fairness hearing at which *amici curiae*, objectors, and all parties appeared by their counsel and at which the Court afforded *amici curiae* and class members the opportunity to object to the Stipulation of Settlement ("Approval Hearing"); (4) received and reviewed Plaintiffs' Motion for Final Approval of the Settlement, Defendants' Joinder in support of Motion for Final Approval of the Settlement, and all papers filed in connection therewith, including evidence, showing why the proposed settlement is fair, adequate, and in the best interests of the represented class; and (5) considered all other arguments and submissions in connection with the proposed settlement.

By order dated May 14, 2015, the Court: (a) granted the parties' Second Stipulation to Amend the Settlement Agreement; (b) granted plaintiffs' Motion to Increase the Awards to Business Opportunity Claimants; (c) granted Plaintiffs' Motion for Final Approval of Class Action Settlement; and (d) granted in part Plaintiffs' counsel's Motion for Attorneys' Fees and Expenses.

Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Judgment and Order of Dismissal, adopts the definitions set forth in the Stipulation of Settlement ("Stipulation" or "Settlement") (Dkt. 95), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of this Action, the Plaintiffs, the Settlement Class Members, and Defendants Herbalife International of America, Herbalife International, Inc., and Herbalife Ltd. (collectively, "Herbalife").

3. Pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, and solely for purposes of the Settlement, the Court hereby finally certifies a Rule 23(b)(2) and Rule 23(b)(3) Settlement Class, from which exclusions were permitted, defined as: "all persons who are or were Herbalife members or distributors in the United States at any time from April 1, 2009 to December 2, 2014. Excluded from the Settlement Class are the Defendants, their employees, family members, and any member who has been a member of Herbalife's President's Team, Founder's Circle, Chairman's Club, Millionaire Team, or GET Team. Also excluded from the Settlement Class are all Herbalife members or distributors who have agreed to be subject to the arbitration provisions of the Arbitration Agreement for Disputes Between Members and Herbalife contained in the Member Application Agreement revised during or after September 2013." ("Settlement Class")  With respect to the Rule 23 (b)(2) and Rule 23(b)(3) Settlement Class, this Court finds, solely for the purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied.

4. The named plaintiffs identified as parties to the First Amended Complaint shall serve as Class Representatives of the Settlement Classes. The law firms of Foley Bezek Behle & Curtis, LLP and Fabian & Clendenin, P.C. shall continue to serve as Class Counsel.

5. The definitions of the proposed classes in the First Amended Complaint are hereby amended to be the same as the Settlement Classes finally certified above.

6. The Court finds that the form, content, and distribution (by individual notice by e-mail or direct mail to all Settlement Class Members who could be identified through reasonable efforts) of the Notice of Proposed Settlement, the Claim Form, and the Summary Notice as provided by the parties ("Class Notice") were adequate and reasonable and constituted the best notice practicable under the circumstances to all persons fitting within the definition of the Settlement Class. The Class Notice fully satisfied due process requirements, and constituted adequate notice of: (a) the nature of the case; (b) the settlement terms as set forth in the Stipulation of Settlement; (c) the Final Approval Hearing; (c) Class Counsel's intention to seek attorneys' fees and expenses and compensation for the named Plaintiffs; (d) each Class Member's right to exclude him or herself from the Settlement Class; and (e) each Class Member's right to object to the proposed settlement and to Class Counsel's application for attorneys' fees and expenses. The Class Notice has been provided to the Settlement Class (as defined above in conformity with the December 2, 2014 Preliminary Approval Order (Dkt. No. 105). Based on the evidence and other material submitted in conjunction with the Final Approval hearing, the form, content, and distribution of the Class Notice fully complied with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.  The Court finds that appropriate notice was given by Defendants to all "appropriate State and Federal officials" under 28 U.S.C. §1715(a), and that no objections were filed.

7. The Court approves the Settlement set forth in the Stipulation and each of the releases and other terms as fair, reasonable, and adequate to the Settling Parties. The Settling Parties shall consummate the Settlement in accordance with its terms as set forth in the Stipulation.

8. The Court also finds that Settlement now will avoid additional and potentially substantial litigation costs, and delay and risks if the Parties continued to litigate the case. After considering the prospective and monetary relief provided as

part of the Settlement in light of the challenges posed by continued litigation, the Court concludes that Class Counsel secured significant relief for Class Members.

9. The Court finds that the Settlement has been reached because of informed and non-collusive arm's length negotiations. The Court further finds that Plaintiffs and Defendants have conducted extensive investigation and research, and their attorneys could reasonably evaluate their respective positions. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all Class Members wishing to be heard have been heard.  The Court has reviewed and considered the objections of Elvia Acosta, Sabas Avila, Miguel Calderon, Felipe Colon, Elizabeth Correa, Maria Cutzal, Juana Estala, Jose G. Garcia, Valentina Leon, Rossina Martinez, Gilberto Melchor Sanchez, Yader A. Pastran, Susana Perez, Eric Rodensky, Jose Tafoya, Olivia Torres, Julia Ulloa, Martil Palma Vellecillo, and Jeff Lokken on the merits. The Court finds that the substance of the objections to the proposed Stipulation of Settlement are without merit in light of the substantial evidence of the fairness, adequacy, and reasonableness of the proposed Stipulation of Settlement, and are hereby overruled.  Konstance Armstrong's and Wyman Jong's requests to withdraw their objections are approved. Class Members have had a full and fair opportunity to exclude themselves from the proposed Settlement and the Class. The terms of the Stipulation of Settlement and of the Court's Order shall be forever binding on members of the Class who did not timely exclude themselves.  Attached as Exhibit A to this Final Judgment is a list setting forth the name of each person who has requested exclusion from the Rule 23(b)(3) Class under the procedures set forth in the Preliminary Approval Order.

11. The Court has considered the Motion for Attorneys' Fees, Expenses, and Incentive Awards separately from its consideration of the fairness, reasonableness, and adequacy of the Stipulation of Settlement. Any order or proceeding relating to the Motion for Attorneys' Fees, Expenses, and Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof shall not disturb or affect or delay the finality of this Judgment.

12. This Action, and all claims contained therein, are dismissed on the merits and with prejudice as to the Plaintiffs and all Settlement Class Members and without prejudice as to any non-certified potential putative class members falling outside the definition of the Settlement Classes approved by the Court. As of the Effective Date, Herbalife and each of their present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Released Parties") shall be released and forever discharged by the Class Representatives, for themselves and as the representatives of each Settlement Class Member; each Settlement Class Member on behalf of himself or herself; and their respective present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Releasing Parties") from all claims, demands, rights, liabilities, suits, or causes of action, known or unknown, as of the Effective Date that (1) were or could have been asserted in the complaints filed in this Action against Herbalife, or (2) are based upon, arise out of, or reasonably relate to: (i) the purchase or sale or offer of sale of any Herbalife product, including the IBP and Mini-IBP, during the Class Period; (ii) any packaging and handling or shipping charges paid in connection with purchase or sale or offer of sale of any Herbalife

6   Case No. 2:13-cv-02488-BRO-RZ
FINAL JUDGMENT AND ORDER OF DISMISSAL

product during the Class Period; (iii) the Herbalife Membership Application and Agreement, including any materials attached thereto and/or referenced therein, including the Statement of Average Gross Compensation; (iv) any actual, potential, or attempted recruitment of any Herbalife member or distributor during the Class Period; (v) any allegation that, during the Class Period, Herbalife engaged in any acts of unfair competition; false and/or misleading advertising; or operated any type of illegal, pyramid, endless chain, or fraudulent scheme; and (vi) any of the facts, schemes, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions, or failures to act that have been or could have been alleged or asserted in the Action (collectively, the "Released Claims"); provided, however, that the Released Claims do not include claims arising out of (1) the purchase or sale of Herbalife's common stock, publicly traded on the New York Stock Exchange under the ticker symbol, "HLF"; (2) the calculation of bonuses or payments for the sale of Herbalife products owed by Herbalife to any Settlement Class Member, to the extent such bonuses or payments are not related to any Qualified Products; or (3) any allegation that an Herbalife product was defective.

13. Notwithstanding any other term of this Final Judgment, the Released Claims shall not be deemed to include any claims asserted against any of the Released Parties by any federal, state, or local governmental agency or similar authority, arising out of any statutes, rules, regulations or ordinances over which such entity has jurisdiction, provided that such claims shall not result in or allow a double recovery for any Settlement Class Member. This Final Judgment shall not be deemed to limit or diminish Herbalife's prospective obligations to comply with applicable consumer protection laws or laws concerning the obligations of multi-level marketing companies, including, without limitation, applicable laws mandating certain levels of buybacks and refunds of products, services, and other consideration. This Final Judgment shall not be deemed to limit the right of any Settlement Class Member to provide information, file complaints or cooperate with

any federal, state, or local governmental agency in connection with any matter relating to the Released Claims, nor does it purport to limit the jurisdiction or authority of any governmental agency to consider or investigate such claims.

14. Notwithstanding any other term of this Final Judgment, the Released Claims shall not include any individual claims asserted by any Settlement Class Member who is excluded from the Settlement Classes pursuant to Paragraphs 3 and 4 of this Final Judgment and who has agreed to be subject to the arbitration provisions of the Arbitration Agreement for Disputes Between Members and Herbalife contained in the Member Application Agreement revised during or after September 2013.

15. As of the Effective Date, all Released Parties shall conclusively be deemed to have acknowledged that the Released Claims include claims, demands, rights, liabilities, suits, or causes of action, known or unknown, as of the Effective Date. The Releasing Parties nonetheless release all such claims. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the Release set forth above. All Releasing Parties shall further, as of the Effective Date, conclusively be deemed to have waived the rights afforded by California Civil Code Section 1542, and any similar statute or law, or principle of common law, of California or any other jurisdiction.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund and Product Return Fund (collectively, the "Settlement Funds"), including all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Settlement Funds; (iii) disposition of the Settlement Funds; (iv) hearing and determining applications for attorneys' fees,

costs, interest and payment of expenses in the Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing,

17. Within sixty (60) days of the final distribution of the Settlement Funds, Plaintiffs' Counsel shall provide a report to the Court regarding the distribution of the Settlement Funds. If the funds have not been distributed within six (6) months after the Effective Date, Plaintiffs' Counsel shall provide a report to the Court regarding the status of the distribution of the Settlement Funds.

18. The terms and provisions of the Stipulated Order Governing the Designation and Handling of Confidential Materials, approved by the Court on April 23, 2014, shall survive and continue in effect through and after entry of this Final Judgment.

19. This Judgment and the Stipulation, whether or not this Judgment becomes Final, any discussions, negotiations, proceedings, agreements or other papers relating to the Stipulation, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

    a. do not constitute, and shall not be offered or received against or to the prejudice of Herbalife as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Herbalife with respect to the truth of any allegation in the First Amended Complaint or original Complaint, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Herbalife or any Person whatsoever;

    b. do not constitute, and shall not be offered or received against or to the prejudice of Herbalife as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Herbalife, or against or to the prejudice of Plaintiffs or any other Settlement Class Members as evidence of any infirmity in the claims of Plaintiffs or the other Settlement Class Members;

    c. do not constitute, and shall not be offered or received against or to the prejudice of Herbalife, Plaintiffs, any other Settlement Class Members, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of Herbalife, Plaintiffs, any other Settlement Class Members, or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

    d. do not constitute, and shall not be construed against Herbalife, Plaintiffs, or any other Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

    e. do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Settlement Class Members that any of their claims are without merit or infirm or that damages

recoverable under the First Amended Complaint or original Complaint would not have exceeded the Settlement amount.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

22. A separate order shall be entered regarding Plaintiffs' Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.

23. Nothing in this Final Judgment is intended to or shall modify the terms of the Settlement as expressly amended.

24. Final Judgment in this action is hereby entered. All claims against Defendants in the Action are hereby dismissed on the merits with prejudice, with each party to bear its own costs, except as and to the extent provided for in the Settlement. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**INCENTIVE AWARDS AND ATTORNEYS' FEES AND EXPENSES**

Plaintiffs in this class action have also moved for an award of attorneys' fees and expenses, as well as approval of incentive awards for class representatives. (Dkt No. 113.) The Court reviewed and considered all objections to the settlement and Class Counsels' request for an award of attorneys' fees, expenses, and incentive awards. The Court held a hearing on the motion on May 11, 2011, took the matter under submission, and on May 14, 2015, issued Civil Minutes in Chambers making findings of fact and law regarding Plaintiffs' Motion for Attorneys' Fees and Expenses (Docket No. 145), which are incorporated into this order.

| | |
|---|---|
| 1 | The Court approved attorneys' fees in the amount of $4.9 million as fair and |
| 2 | reasonable. |
| 3 | The Court denied, without prejudice, Class Counsels' request for |
| 4 | reimbursement for costs and expenses in the amount of $212,862.64 but granted the |
| 5 | request as to $175,609.62 of expenses, allowing Class Counsel to submit |
| 6 | supplemental declarations or documentation further supporting their request and |
| 7 | segregating meal expenses from travel expenses. |
| 8 | The Court approved Class Counsels' request for incentive awards and directs |
| 9 | payment of $10,000 to Mr. Bostick and $5,000 each to Ms. Vasko, Ms. Trotter, Ms. |
| 10 | Molnar, and Mr. Cote. |
| 11 | Thomas G. Foley, Jr. and Scott M. Petersen have submitted supplemental |
| 12 | declarations supporting their expenses incurred in this case.  Pursuant to their |
| 13 | supplemental declarations, Class Counsel have removed any request for |
| 14 | reimbursement of meals or miscellaneous expenses from their expense |
| 15 | reimbursement request. Pursuant to their supplemental declarations, Class Counsels |
| 16 | have incurred an additional $5,588.35 in costs and their expenses relating to legal |
| 17 | research, copying, travel, expert witness services, and delivery expenses that that |
| 18 | were not requested in the Motion for an Award of Attorney Fees and Expenses filed |
| 19 | on March 10, 2015.  Plaintiffs' counsel have adequately documented these expenses, |
| 20 | all of which the Court finds these additional costs were necessary for this litigation |
| 21 | and may be reimbursed.  The Court therefore approves reimbursement for these |
| 22 | costs, equaling $109,466.21 for the Foley Bezek Behle & Curtis law firm and |
| 23 | $102,196.42 for the Fabian & Clendenin law firm, totaling $211,662.63. |
| 24 | IT IS HEREBY ORDERED |
| 25 | Pursuant to Sections 10.2 and 10.3 of the Stipulation of Settlement (Dkt No. |
| 26 | 95), the Escrow Agent is AUTHORIZED and DIRECTED to pay the following |
| 27 | amounts from the Cash Fund: |
| 28 | |

1. $4,900,000 for attorneys' fees to Class Counsel
2. $211,662.63 in expenses to Class Counsel
3. $10,000 to Dana Bostick
4. $5000 to Anita Vasko
5. $5000 to Judi Trotter
6. $5000 to Beverly Molnar
7. $5000 to Chester Cote

**IT IS SO ORDERED.**

Dated: June 17, 2015

By: _____
HON. BEVERLY REID O'CONNELL
United States District Court Judge