Douglas M. Brooks (*pro hac vice*)
dmbrooks@brooks-law.net
60 Thoreau Street, No. 219
Concord, MA  01742
Telephone: (781) 424-6737

Michael L. Cohen (SBN: 206253)
cohen@cohenmckeon.com
Heather M. McKeon (SBN: 186414)
mckeon@cohenmckeon.com
Cohen McKeon LLP
1910 West Sunset Boulevard, Suite 440
Los Angeles, CA  90026
Telephone: (213) 413-6400
Fax:  ((213) 403-6405


*Attorney for Objectors*

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANA BOSTICK, *et al.,* | **Case No. 2:13-CV-02488-BRO-RZ** |
| Plaintiffs, | |
| vs. | **OBJECTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| HERBALIFE INTERNATIONAL OF AMERICA, INC., *et al.,* | |
| Defendants. | Hon. Beverly Reid O'Connell |
| | Hearing Date:<br>Time: 1:30 pm<br>Courtroom 14 |

# TABLE OF CONTENTS

I.    INTRODUCTION…………………………………………………………..1

II.   THE COURT'S FAILURE TO

      REQUIRE THE PARTIES TO

      SUBMIT EVIDENCE CONCERNING

      THE ADEQUACY OF SETTLEMENT

      AMOUNT WAS CLEAR ERROR……………………………………...1

III.  THIS COURT'S FINDING THAT

      VASKO AND MOLNAR HAVE

      STANDING TO SUE FOR

      INJUNCTIVE RELIEF WAS

      CLEAR ERROR…………………………………………………………4

IV.   IN LIGHT OF THIS COURT'S

      FINDING THAT A BROADER

      NOTICE PROGRAM COULD

      HAVE BENEFITTED THE

      CLASS, IT WAS CLEAR

      ERROR TO FIND THAT THE

      CLASS NOTICE PROGRAM MET

      THE "BEST PRACTICABLE" STANDARD…………………………...6

A. There Was No Justification

 For The Brief Claims Period…………………………………………8

B. The Class Notice Program

 Over-Relied on email…………………………………………10

V. THIS COURT SHOULD NOT

DENY OBJECTORS' MOTION

FOR NON-COMPLIANCE WITH

LOCAL RULE 7-3………………………………………………..12

1

## TABLE OF AUTHORITIES

2

## FEDERAL CASES:

3

*Allen v. Bedolla* (9th Cir. 2015)

4

5          787 F.3d 1218 at *13…………………………………………….3

6

*Alvarado v. Nederend* (E.D,. Cal. 2011)

7

8          2011 U.S. Dist. LEXOS 2326, * 20-21……………………………10

9

*Bates v. United Parcel Service, Inc.,* (9th Cir. 2007)

10

11          511 F.3d 974……………………………………………………..6

12

*Cohorst v. BRE Properties, Inc.* (S.D. Cal. 2011)

13

          2011 U.S. Dist. LEXIS 151719…………………………………11,12

14

*Dennis v. Kellogg Co.,* (9th Cir. 2012)

15

16          697 F. 3d 858…………………….........................................3

17

*Ellis v. Costco Wholesale Corp.,* (9th Cir. 2011)

18

19          657 F.3d 970……………………………….........................4,5

20

*Eubank v. Pella* (7th Cir. 2014)

21

22          753 F.3d 718……………………………….....................................2

23

*Gator.com Corp. v. L.L. Bean, Inc.* (9th Cir. 2005)

24

25          398 F.3d 1125…………………………………………………6

26

*In re Online DVD-Rental Antitrust Litig.,* (9th Cir. 2015)

27

28          779 F.3d 934……………………………………………………10

*Lane v. Facebook, Inc.* (9th Cir. 2012)

    696 F.3d 811………………………………………………………..11

*Ling Tie v. Peng Chan* (C.D.Cal. 2014)

    2014 U.S. Dist. LEXIS 172440…………………………………………12

*Murillo v. Pacific Gas & electric Co.,* (E.D.Cal. 2010)

    2010 U.S. Dist. LEXIS 73427………………………………………...10

*Rodriguez v. West Publishing Corp.,* (9th Cir. 2009)

    563 F.3d 948………………………………………………………...2

*Silber v. Mabon* (9th Cir. 1994)

    18 F.3d 1449…………………………………………………………7

*Slayman v. Fedex Ground Package System, Inc.* (9th Cir. 2014)

    765 F.3d 1033………………………………………………………5

*Torrisi v. Tuscan Elec. Power Co.* (9th Cir. 1993)

    8 F.3d 1370………………………………………………..7,9,10

*Vazquez v. Coast Valley Roofing, Inc.* (E.D.Cal. 1977)

    670 F.Supp.2d 1114……………………………………………...9,10

## RULES AND STATUTES

Rule 23(c)(2)(B)…………………………………………………………………....7

## I.  **INTRODUCTION**

Objectors hereby withdraw their arguments based on new evidence, which were attached as exhibits A, B and C to the Declaration of Douglas M. Brooks in Support of Motion for Reconsideration.  Accordingly, Objectors' motion is based on the Court's clear error in (1) failing to consider evidence concerning the amount of Plaintiffs' claims; (2) certifying the injunctive relief class where the class representatives had no standing because their claims were moot; and (3) approving the class notice program despite the Court's finding that "in theory that a broader notice campaign could have benefitted the class."

## II.  **THE COURT'S FAILURE TO REQUIRE THE PARTIES TO SUBMIT EVIDENCE CONCERNING THE ADEQUACY OF SETTLEMENT AMOUNT WAS CLEAR ERROR**

Objectors seek reconsideration of the Court's finding concerning the adequacy of the settlement amount, based on the Court's acknowledgment that Plaintiffs had failed to provide it with <u>any</u> evidence concerning the value of the claims that the class is giving up.  Neither Plaintiffs nor Herbalife cite to any case in which a District Court has relied entirely and exclusively on the judgment of the parties' private mediator concerning the adequacy of the amount of the settlement.  Plaintiffs' Opposition to Objectors' Motion for Reconsideration (Dkt. 160) ("Pl. Opp."), at 10;  Defendants' Opposition to Objectors' Motion for Reconsideration (Dkt. 162) ("Def. Opp."), at 11-12.

Herbalife argues that Objectors have not cited authority for the proposition that the Court's exclusive reliance on the parties' mediators, without making its own judgment, was clear error. Def. Opp. at 11.   Herbalife is wrong.  *See* Objectors' Memorandum in Support of Motion for Reconsdieration (Dkt. 158) ("Obj. Recon. Mem."), at 24-25; Objections to Class Action Settlement (Dkt. 121), at 7-8.  For example, in Objectors' initial Objection they cited *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014),  in which the Seventh Circuit reversed the district court's approval of a class settlement where, among other flaws, the judge "didn't estimate the likely outcome of a trial, as he should have done in order to evaluate the adequacy of the settlement."  753 F.3d at 727.  In *Eubank* the parties used mediators, but this did not excuse the district court from exercising its own, independent judgment concerning the amount of the settlement.  753 F.3d at 727. Similarly, in approving the class settlement in *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit noted that the district court had before it the "amount of the alleged overcharge, the estimated recovery ranges by both parties and their experts, and the results of a mediated resolution."  563 F.3d at 966.

The Ninth Circuit has recently explained that while the substantive review of a district court's settlement approval is deferential, it holds "district courts to a higher *procedural* standard when making that determination of substantive

fairness: 'To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections.'" _Allen v. Bedolla_, 787 F.3d 1218 at *13 (9th Cir. June 2, 2015), _quoting_ _Dennis v. Kellogg Co._, 697 F.3d 858, 864 (9th Cir. 2012).  Here, this court cannot show that it has "comprehensively explored" the amount offered in settlement, because the parties have failed to provide it with any evidence concerning the value of Plaintiffs' case.

Plaintiffs state that Objectors "ignore" that the Court relied on "objective third party evaluations" in approving the settlement.  Pl. Opp. at 2 and 10.   Not so.  In fact, Objectors' point is precisely that the Court committed clear error in relying _entirely_ on the judgment of the third party mediators, without even seeing the evidence the mediators relied on.  While the use of mediators to assist in settling cases is entirely appropriate, the opinion of the mediator has never been held to be a substitute for the Court's required exercise of discretion in evaluating the fairness, adequacy and reasonableness of a class action settlement.

Plaintiffs also argue that the results of the claims process justify the settlement amount.  Pl. Opp. at 10.   Plaintiffs do not offer any authority for the proposition that the district court can defer evaluating the reasonableness of the amount of a settlement until after the claims are in.  In this case, moreover, where the Court has acknowledged that the claims rate was very low, it would not be

reasonable to rely on the relatively small number of claims as the sole justification for the amount of the settlement.

Herbalife tries to confuse the issue by referring to the valuation of individual claims and states that "each Objector submitted a declaration with such an assessment." Def. Opp. at 12.   But that argument misses the point by a mile. Objectors are not saying that individual class members do not know the extent of their own individual losses.   Objectors are saying – and this Court has agreed – that the parties provided no evidence as to the amount of the aggregate losses of the class.   Without such evidence the Court had no basis for concluding that the Settlement Fund was fair, reasonable and adequate.

III.    **THIS COURT'S FINDING THAT VASKO AND MOLNAR HAVE STANDING TO SUE FOR INJUNCTIVE RELIEF WAS CLEAR ERROR**

Plaintiffs and Herbalife fail to address Objectors' argument that the claims for injunctive relief by Class Representatives Vasko and Molnar were moot by the time of this Court's Order certifying the injunctive relief class.   Standing is a "threshold matter central to [the court's] subject matter jurisdiction." _Ellis v. Costco Wholesale Corp._, 657 F.3d 970, 978 (9th Cir. 2011).   It is well settled – and neither Plaintiffs nor Herbalife cite any contrary authority – that when the claims of the class representatives become moot prior to class certification, the class

cannot be certified.  *Slayman v. Fedex Ground Package System Inc.*, 765 F.3d 1033, 1047-48 (9th Cir. 2014).

Herbalife argues that being a "registered" Herbalife distributor is equivalent for standing purposes to being a "current employee." Def. Opp. at 11 n.12. But "current employees" are persons who are actually working for their employers and receiving compensation for that work.   They therefore have a stake in the outcome of a claim for injunctive relief seeking to reform their employer's practices. *Ellis, supra,* 657 F.3d at 979.  In contrast, Molnar and Vasko ceased working as Herbalife distributors long before this Court's order certifying the injunctive relief class on December 2, 2014.  Their declarations do not state when they last purchased or sold a Herbalife product, received a commission, recruited another distributor, or attended a Herbalife event.

Herbalife argues that "a plaintiff does not lack standing, however, because she, for example, claims that judicial relief is necessary before she purchases Herbalife products."   Def. Opp. at 11.   But neither Molnar nor Vasko have made this claim.  Neither of them have testified that they would purchase Herbalife products, or attempt to revive their Herbalife distributorships, if judicial relief were granted.  Herbalife also makes a cryptic reference to declaratory judgments, as if this were a talisman that could magically confer standing on Vasko and Molnar. Def. Opp. at 11 n. 12.   In fact, the Ninth Circuit has held that "[t]he limitations

that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context." *Gator.com Corp. v. L.L. Bean, Inc.* 398 F.3d. 1125, 1129 (9th Cir. 2005). As with injunctive relief, the requisite case or controversy is absent when the plaintiff no longer wishes to engage in the activity concerning which she is seeking declaratory relief. *Id.* Here there is zero evidence that either Molnar or Vasko wishes to engage in the activity of being a Herbalife distributor or to buy Herbalife products.

Plaintiffs argue that if Objectors are correct then only "potential Herbalife recruits" would have standing to bring claims for injunctive relief as to Herbalife's "Statement of Average Gross Compensation." Pl. Opp. at 9-10. Of course, Objectors do not make this argument – Objectors are simply pointing out that persons who have ceased operating as Herbalife distributors do not have a "real and immediate threat of repeated injury" that could be redressed by injunctive relief. *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

## IV.    IN LIGHT OF THIS COURT'S FINDING THAT A BROADER NOTICE PROGRAM COULD HAVE BENEFITTED THE CLASS, IT WAS CLEAR ERROR TO FIND THAT THE CLASS NOTICE PROGRAM MET THE "BEST PRACTICABLE" STANDARD

Objectors seek reconsideration of this Court's approval of the class notice program because of the Court's finding that it "agrees in theory that a broader notice campaign could have benefitted the class." Order Re: (1) Plaintiffs'

Motions for Final Approval of Class Action Settlement, etc. (Dkt. 145), p. 47. This statement cannot be squared with the mandate of Rule 23(c)(2)(B) that the class must receive the "best notice that is practicable under the circumstances."

While the district court's determination concerning the adequacy of the class notice program is discretionary, appellate review of a class notice program is *de novo*. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). The Court must find that the class notice is the "best notice that is practicable under the circumstances." Fed.R.Civ.P. 23(c)(2)(B). In exercising its discretion, the Court should consider all of the relevant factors; failure to do so is an abuse of discretion. *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (despite discretionary standard applicable to request to opt-out after deadline expired, Ninth Circuit reversed because district court did not consider all relevant factors). Based on this Court's acknowledgement that a broader notice program could have benefitted the class, the Court was not applying the correct standard. There is no evidence that a "broader notice campaign" would have been either ineffective or impracticable – in fact, the evidence is that better notice would have been rather easy. The parties could have provided a longer claims period at the outset, provided notice by first class mail to all class members, provided multiple email "blasts" or reminder notices during the claims period, or engaged in some form of outreach to class members, particularly those with cultural barriers like the poor and undocumented

Hispanic class members who have been targeted by Herbalife's marketing efforts. Moreover, there is over $1.8 million in undistributed funds in the Settlement Fund, some of which could be used for an additional, broader notice campaign rather than conferring a windfall on the *cy pres* recipient.

While Objectors have pointed to many flaws in the notice program, Objectors do not contend that any one of these flaws standing alone would necessarily justify a finding that the notice program was inadequate. Rather, Objectors contend that considering all of the notice issues as a whole, including the extremely low claims rate, the very brief claims period, the use of email for a large portion of the class, and the failure to address the cultural barriers for a large segment of the class, the class did not receive the "best notice that is practicable under the circumstances."

## A. There Was No Justification For The Brief Claims Period

Plaintiffs argue that "in practice" the claims period was longer than 35 days, because parties agreed to accept late claims. Pl. Opp. at 7. Plaintiffs fail to acknowledge, however, that there was no supplemental notice of any kind that late claims would be accepted, so there was no way for most class members to learn of the extended claims period. Consequently, the parties only received a few hundred late claims. Neither Plaintiffs nor Herbalife have explained why they imposed a

claims period at the lowest end of what is considered permissible by the FJC checklist, and below the recommended 60-90 days.

The authorities Plaintiffs cite at page 8 of their memorandum do not support the use of a very brief claims period here.   In *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), the Ninth Circuit's opinion concerned the deadline for opting out or objecting to the settlement, and did not mention the deadline for making claims. 8 F.3d at 1374-75.   Even though many of the notices in *Torrisi* were not mailed until *after* the opt-out or objection deadline, the objectors in that case did not assert that class members did not have enough time to file claims. *Id.* It is therefore safe to assume that the claims deadline was much longer than the opt-out/objection deadline.   It is important to note that in *Torrisi* the parties had good reason to impose an accelerated settlement approval schedule: the defendant was subject to an involuntary bankruptcy proceeding filed against it and was negotiating with creditors at the same time as it was negotiating with the class; the court found that "it was critical that the settlement be presented to the district court promptly for its consideration."   8 F.3d at 1375-76.   In contrast, in the instant case there were no exigent circumstances justifying a brief claims deadline.

In *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173 (9th Cir. 1977), the Ninth Circuit's decision refers only to the deadline for objecting or opting out, not the claims deadline, and there is no indication that the objectors argued that class

members did not have enough time to file claims, as opposed to deciding whether to object or opt-out.   550 F.3d at 1176, 1178.   Accordingly, as with *Torrisi,* it is safe to assume that the claims deadline was longer than the very brief objection/opt out deadline.

While the court in *Vazquez v. Coast Valley Roofing, Inc., 670 F.Supp.2d 1114 (E.D.Cal. 1977)* did approve a 30-day claims notice, the notice program called for the sending of an additional "reminder" notice 14 days before the expiration of the claims period.  670 F.Supp.2d at 1126-27.  Similarly, in *Alvarado v. Nederend, 2011 U.S.Dist. LEXIS 2326, *20-21 (E.D.Cal. January 11, 2011)* the court required a reminder notice 14 days before the expiration of the claims period.  Finally, in *Murillo v. Pacific Gas & Electric Co., 2010 U.S. Dist. LEXIS 73427 (E.D.Cal. July 21, 2010)* the court approved a 33-day claims deadline, where there were no objections and a 32% claims rate (358 claims out of 1,116 class members). *Id.* at *23-24.

**B.  The Class Notice Program Over-Relied on email**

Plaintiffs defend the overreliance on email in the class notice by citing to several cases in which the defendants' businesses were conducted entirely or primarily electronically.   For instance, in *In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 940 (9th Cir. 2015),*  the class consisted of persons who rented DVDs on-line.   779 F.3d at 940.  Notably, the objections in that case were to the content

of the notice rather than whether it should have been done via mail or email.  779 F.3d at 945-47.  Similarly, *Lane v. Facebook, Inc.*, 2010 U.S.Dist LEXIS 24762 (N.D.Cal.), *aff'd* 696 F.3d 811 (9th Cir. 2012), involved a class of members of Facebook, an internet web site; obviously the exclusive mode of contact between class members and the defendant was electronic.

Plaintiffs also cite *Cohorst v. BRE Properties, Inc.*, 2011 U.S.Dist. LEXIS 151719 (S.D.Cal. November 14, 2011), *report and recommendation adopted as modified*, 2012 U.S.Dist. LEXIS 5387 (S.D.Cal. January 18, 2012), in which the court approved the use of email for the class notice because the defendant had approximately 1.1 million email addresses for class members but only 32,000 mailing addresses.   Clearly, if the parties have email addresses but no mailing addresses, then notice by email is the "best practicable" form of notice.[1] Significantly, the Court held that given that the initial notice program resulted in a very low claims rate (1338 claims out of over 1.1 million class members), due process required notice by mail be sent to the approximately 15,500 persons for whom the defendant had only mailing addresses and no email addresses, and

---

[1] In *Cohorst* there were three email "blasts" over the course of the claims period, plus three publications in USA Today. *Id.,* 2011 U.S. Dist. LEXIS 151719 at *5-9 & n.1.  The email blasts commenced on May 28, 2011.  *Id.* at *8-9 & n.1.   Class members had until September 8, 2011 to file claims.  *Cohorst v. BRE Properties, Inc.*, 2011 U.S.Dist. LEXIS 95374 at *3 (S.D.Cal. August 25, 2011), *report and recommendation adopted*, *Cohorst v. BRE Properties, Inc.,* 2011 U.S. Dist. LEXIS 95284 (S.D.Cal. August 25, 2011).   Accordingly, the claims period was over 100 days, almost three times as long as the claims period in the instant case.

provided them with an additional 45 days to file claims.  *Cohorst v. BRE*

*Properties, Inc.*, 2012 U.S. Dist. LEXIS 5387 at *6-9 (S.D.Cal. January 18, 2012).

## V.    THIS COURT SHOULD NOT DENY OBJECTORS' MOTION FOR NON-COMPLIANCE WITH LOCAL RULE 7-3

Herbalife argues that Objectors' motion for reconsideration should be

stricken for failure to comply with Local Rule 7-3.  Herbalife Opp. at 13.

Undersigned counsel admits that he did not confer with either Herbalife's or

Plaintiffs' counsel concerning this motion.   Undersigned counsel did have several

discussions with Plaintiffs' counsel following this Court's Order granting final

approval, which covered a number of the issues raised in this motion.   Based on

those conversations, undersigned counsel does not believe that a Local Rule 7-3

conference would have resolved anything, but understands that this does not

excuse his failure to follow the rule.   The Rule does not prescribe any remedy for

non-compliance.   Undersigned counsel respectfully requests that the Court excuse

his non-compliance and consider the merits of Objectors' motion.  *See Ling Tie v.*

*Peng Chan*, 2014 U.S. Dist. LEXIS 172440 (C.D.Cal.  December 12, 2014)

(O'Connell, J.).

Dated:  August 12, 2015                              s/Douglas M. Brooks
                                                     Douglas M. Brooks
                                                     60 Thoreau Street, No. 219
                                                     Concord, MA  01742
                                                     (781) 424-6737
                                                     dmbrooks@brooks-law.net

OBJECTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR

RECONSIDERATION- 12

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Cohen McKeon LLP, 1910 West Sunset Boulevard, Suite 440, Los Angeles, California 90026.

On August 12, 2015, I used the Central District of California's Electronic Case Filing System, with the ECF account registered to Michael L. Cohen, to file the following document(s):

OBJECTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service. The Parties served by e-mail in this case are found on the Court's Electronic Mail Notice List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 12, 2015, at Los Angeles, California.

/S/ ROBIN GRIER
Robin Grier

OBJECTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION- 13