Philip D. Dracht (SBN 219044)
 pdracht@fabianlaw.com
Scott M. Petersen (*pro hac vice*)
 spetersen@fabianlaw.com
Jason W. Hardin (*pro hac vice*)
 jhardin@fabianlaw.com
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84151-0210
Telephone: (801) 531-8900

Thomas G. Foley, Jr., SBN 65812
 tfoley@foleybezek.com
Justin P, Karczag, SBN 223764
 jkarczag@foleybezek.com
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495

Attorneys for Plaintiffs Dana Bostick, Anita Vasko, Judi Trotter, Beverly Molnar, and Chester Cote and the Class

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANA BOSTICK, a California citizen, *et al.*,<br><br>PLAINTIFF,<br><br>vs.<br><br>HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation, *et al.*,<br><br>DEFENDANTS. | Case No.: 2:13-cv-02488-BRO-SH<br><br>**FINAL REPORT OF COUNSEL RE STATUS OF CLASS ACTION SETTLEMENT DISTRIBUTION**<br><br>Hon. Beverly Reid O'Connell<br><br><br><br>Complaint filed: April 8, 2013 |

Plaintiffs submit this report under Paragraph 17 of the Amended Final Judgment and Order of Dismissal entered on June 17, 2015 and their previous report submitted to the Court. An issue addressed by this report and requesting Court assistance is how to proceed forward with uncashed settlement checks. Class Counsel requests the Court order those funds to escheat to the state in which the Claimant has last resided.

1. <u>Distribution of Settlement Proceeds to Class Members and Attempts to Find Updated Addresses.</u>

Accompanying this Final Report and being filed concurrently is the Declaration of Eric Robin regarding case administration. As set forth in Mr. Robin's Declaration, Kurtzman Carson Consultants LLC ("KCC") disbursed Settlement Payments to Class Members under the Settlement Agreement. Robin Decl. ¶2

The void date on each of the settlement checks was March 22, 2016. Robin Decl. ¶3. By February 21, 2016, 866 Class Members had not cashed the settlement checks sent to them by KCC. Robin Decl. ¶5. The aggregate value of the uncashed checks was $682,580.55. Robin Decl. ¶5.

Before March 22, 2016, KCC emailed and called Class Members who have not cashed their settlement checks inquiring on the proper address and reminding them to cash their check before the stale date of March 22, 2016. Robin Decl. ¶6.

After March 22, 2016, which was the stale date on the initial round of checks, KCC did a skip trace analysis for the addresses of all Class Members who had uncashed checks to determine if they had moved or updated their address without informing KCC or Class Counsel. Robin Decl. ¶7.

On April 1, 2016, KCC reissued and mailed 211 checks to Class Members who had either provided a new address in response to the telephone and email campaign or the skip trace analysis provided a more accurate address. Robin Decl. ¶8. On April 7, 2016, KCC re-mailed all other Class Members who had not cashed

their checks but who had no additional address information. Robin Decl. ¶9.

As of April 7, 2016, 435 Class Members have not cashed their settlement checks sent to them by KCC. Robin Decl. ¶10. As of April 7, 2016, the aggregate value of the uncashed checks was $265,677.49. Robin Decl. ¶10.

2. <u>Uncashed Check Funds.</u>

The Stipulation of Settlement provided for the Court to "oversee the distribution of any amounts remaining in the Net Settlement Fund pursuant to the *cy pres* doctrine to Consumer Federation of America, or such organization(s) as the parties may jointly propose and the Court approves." Stipulation of Settlement, Docket no. 95, page 9, paragraph 4.1. While the unused funds to which no Class Member has made a claim – the "common funds" – will still go to the Consumer Federation of America under the Stipulation and the Court's Final Order, the uncashed check funds are different because Class Members have made a claim on the funds – they just have not cashed their checks.

The court retains broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1306, 1307 (9th Cir.1990) (citing 2 Newberg on Class Action § 10.17). One of the options available to the Court is to allow for the funds to escheat to the state where the Class Member has had their last known address. *See e.g., Taylor v. Westly*, 402 F.3d 924, 931 (9th Cir. 2005) (describing process of California's unclaimed property rules).

The checks issued on April 1, 2016 and April 7, 2016 all have an expiration of 90-days. If those checks are not cashed within 90-days from issuance, those funds will not be accessible to Class Members. Class Counsel requests that the Court order that any unclaimed funds held after July 9, 2016 escheat to the state in which the Claimant has last resided.

Class Counsel will submit a stipulation and proposed order for the Court's convenience by April 15, 2016.

1 DATED: April 8, 2016 FABIAN & CLENDENIN, P.C.

FOLEY BEZEK BEHLE & CURTIS, LLP

*/s/Philip D. Dracht*
Philip D. Dracht
Scott M. Petersen
Jason W. Hardin

Thomas G. Foley, Jr.
Justin P. Karczag

*Attorneys for Plaintiffs*